■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. FARRELL, Appellant. — Appeal from a judgment of the County Court of Tompkins County (Dean, J.), rendered November 3, 1980, upon a verdict convicting defendant of operating a motor vehicle while under the influence of alcohol and operating a motor vehicle while ability is impaired. Judgment affirmed. No opinion. Kane, J. P., Main and Weiss, JJ., concur.

Mikoll and Yesawich, Jr., JJ., concur in the following memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (concurring). A breathalyzer test, administered to defendant within two hours of an automobile accident in which he was involved, indicated .22% alcohol in his blood. His motion to inspect the test ampoules used in the breathalyzer was denied. During argument of that motion he asked, but was not permitted, to present an expert witness as to the materiality of re-examining the ampoules. He was subsequently convicted of, among other things, driving while intoxicated as a felony. In our view, foreclosing a defendant from even making a record as to the feasibility of retesting the ampoules employed is an error which calls for comment. Due process requires that a defendant be allowed to marshal possible defenses. Given the great weight juries are apt to accord the scientifically sanctioned

---

results of a breathalyzer examination, a showing that either the test or reference ampoule was defective could have significant defense consequences. Fairness demands that a defendant be afforded the opportunity to make that showing, for an attack claiming that the ampoules malfunctioned may very well be the only real defense one facing a driving while intoxicated charge can offer. Precluding a defendant from doing so enables a breathalyzer machine to become a mechanistic witness, immune from cross-examination or challenge. Such immunity is a privilege never extended to the most deserving human witness. To insure that opportunity, the test and reference ampoules should be retained by the police for a reasonable time só that they may be made available for examination by the defendant (cf. *People v Hitch*, 12 Cal 3d 641), and their intended destruction should be preceded by notice to the defendant. Although failure to allow this defendant to demonstrate the practicability of retesting these ampoules constituted error, that error was harmless, for the record contains ample evidence, other than the breathalyzer result, to establish his guilt. The arresting officer testified that defendant experienced difficulty walking, speaking and performing tests usually administered to suspected inebriates, and defendant himself admitted consuming between five and seven alcoholic drinks during a two and one-half hour period. The judgment should, therefore, be affirmed. '