OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In the circumstances of this case, the trial court properly denied defendant’s motion for inspection of the test ampoule used in administering the breathalyzer test given to defendant or alternatively to dismiss the indictment for driving while having .10 of one per centum or more by weight of alcohol in his blood and driving while ability impaired by the consumption of alcohol. The ampoule had been destroyed in accordance with routine practice. Defendant submitted no evidence to show that the ampoule could have been reanalyzed in such a fashion as to produce material evidence, and the record does not reflect that an opportunity to present evidence on this issue was ever requested. As well, defendant’s motion was interposed some two and one-half months after his arrest. Thus, the trial court correctly ruled that the People were not required to preserve the test ampoule and that the option of examining another ampoule from the same batch along with the procedures required to authenticate the test results provided adequate protection of defendant’s due process rights.
The trial court correctly admitted certain certificates showing the results of analyses of a sample ampoule, which were used in laying a foundation for admission of the test results, as business records. The certificates recited and uncontroverted testimony showed that the reports were prepared in the ordinary course of the New York State Police Laboratory’s business and that it is the regular course of the laboratory’s business to make such records. *639 Further, the records list the date the analyses were performed, the individuals who conducted the tests, the materials that were analyzed, and the results that the tests disclosed. Consequently, they were properly admitted as business records (People v Gower, 42 NY2d 117, 121).
Defendant’s argument that the ampoules used were too old to be reliably accurate was not preserved because it was not raised before the trial court.
We have examined defendant’s remaining contentions and find them to be without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed in a memorandum.