OPINION OF THE COURT
John V. Aylward, J.
In a motion dated October 18, 1983 defendant moves to dismiss the first and second counts of the indictment which respectively charge the defendant with violating subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law upon the grounds that those statutes are unconstitutional under both the New York and the United States Constitutions, at least as to this defendant because he suffers from the disease of alcoholism, and that because those persons who suffer from alcoholism are not criminals and should not be treated as such. For the purposes of this motion defendant will be deemed to be suffering from alcoholism.
Subdivision 2 of section 1192 of the Vehicle and Traffic Law prohibits any person from operating a motor vehicle in New York while he has .10 of one per centum of alcohol, or more, in his blood. This statute is malum prohibitum in nature and applies universally to all persons as to the content of alcohol in their blood. It matters not that the person is an “alcoholic” or not. The prohibition is simply that you shall not operate a motor vehicle in such a state.
Subdivision 3 of section 1192 of the Vehicle and Traffic Law prohibits any person from operating a motor vehicle *702 while in an intoxicated state. Likewise, this statute applies universally to all persons who drive while in an intoxicated condition. It does not prohibit the “alcoholic” from driving a motor vehicle, but it does prohibit the “alcoholic” from driving while he is in an intoxicated state.
Essentially these statutes do not legislate against persons who suffer from the disease of alcoholism, nor discriminate against persons suffering from such a disease. However, these statutes legislate against all persons who violate them.
The Court of Appeals in People v Cruz (48 NY2d 419) has considered whether or not subdivisions 1 and 3 of section 1192 of the Vehicle and Traffic Law were unconstitutionally vague insofar as the words “driving while impaired” and “driving while intoxicated” were concerned. While the Court of Appeals did not have before it the issue as to whether or not those sections were unconstitutional as to those suffering from alcoholism, the court nevertheless upheld the constitutionality of those statutes. In so doing, the Court of Appeals has recognized that there is a relationship between the conduct prohibited by these statutes and the legitimate interests of the members of the community who should remain free from being injured or killed by an intoxicated motorist — whether the intoxicated motorist is an alcoholic or not. (See People v Myers, 39 AD2d 122, 126.)
The defendant on this motion has not demonstrated that he has been discriminated against nor that he has been deprived of due process either under the New York or United States Constitution.
Defendant’s motion to dismiss the indictment is therefore denied.