■ The People of the State of New York, Respondent, v Randy J. English, Appellant. — Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered May 12, 1983, upon a verdict convicting defendant of two counts of the crime of operating a motor vehicle while under the influence of alcohol, as a felony. ¶ Answering the call of a neighbor, a police officer observed defendant behind the steering wheel of a car protruding from a ditch. After smelling alcohol on defendant's breath and observing his performance in certain field sobriety tests, the police officer placed defendant under arrest for driving while intoxicated. A breathalyzer test showed that defendant had .18% alcohol in his blood. Defendant was convicted, after a trial, of operating a motor vehicle with at least .10% of alcohol in his blood (Vehicle and Traffic Law, § 1192, subd 2) and operating a motor vehicle while in an intoxicated condition (Vehicle and Traffic Law, § 1192, subd 3). This appeal by defendant ensued. ¶ Prior to trial, defense counsel sought all *Brady* material and all material relating to the breathalyzer test. The trial court expressly denied discovery of records of the breathalyzer machine. This decision was error. A defendant is entitled to discovery of: "Any written report or document, or portion thereof, concerning a * * * scientific test * * * relating to the criminal action or proceeding which was made by, or at the request or discretion of a public servant engaged in law enforcement activity" (CPL 240.20, subd 1, par [c]). Since the calibration records were essential to the defense that the breathalyzer machine was not operating properly, they are clearly discoverable. ¶ This error was not rendered harmless by the strength of the People's case which included other evidence of intoxication. The indictment charged two distinct offenses, operating a motor vehicle with at least .10% of alcohol in his blood (Vehicle and Traffic Law, § 1192, subd 2) and operating a motor vehicle while in an intoxicated condition (Vehicle and Traffic Law, § 1192, subd 3). The former crime is committed when a person "has .10 of one per centum or more by weight of alcohol in his blood as shown by chemical analysis of his blood, breath, urine or saliva" (Vehicle and Traffic Law, § 1192, subd 2). The sole evidence supportive of such a conviction would be a result of a chemical test such as a breathalyzer, and other evidence such as the observations of witnesses would not be relevant to a charge based on this statutory provision. The latter crime is committed when a person operates a motor vehicle "in an intoxicated condition" (Vehicle and Traffic Law, § 1192, subd 3). A conviction of this crime could be based on any evidence of intoxication, including testimony of witnesses as well as the result of a chemical test

showing a blood alcohol level of more than .10% ¶ In this case, the breathalyzer test was the sole evidence for the count based on subdivision 2 of section 1192 of the Vehicle and Traffic Law and was some evidence for the count based on subdivision 3 of that statute. Defendant's sole challenge to the breathalyzer test result was the accuracy and reliability of the breathalyzer machine. While the breathalyzer has gained universal acceptance such that proof of its scientific integrity need not be proven each time test results are offered into evidence, such test results may of course be attacked on the grounds that the proper operating procedures were not followed or that the particular machine was not operating properly (*People v Gower,* 42 NY2d 117, 121). In this case, defendant's challenge to the reliability of the particular machine was completely frustrated by the trial court's denial of discovery of the calibration test results of the machine, particularly in light of the fact that this particular machine had not been calibrated for over seven months prior to its use on defendant.[*] Thus, it cannot be said that it was harmless error to deprive defendant of his legitimate challenge to the reliability of the breathalyzer machine with regard to the count based solely on the test result of that machine. An attack on the reliability of a particular breathalyzer machine clearly goes to the admissibility of the test result, not the weight to be accorded the test. Indeed, in *People v Gower, (supra)*, the Court of Appeals stated with regard to the foundation necessary for breathalyzer test results that, "[b]ased on a wealth of practical experience greater dependence can now properly be placed on according full opportunity, *through pretrial discovery* and other means, to test and challenge the probative worth of the [breathalyzer] evidence" (*id.,* at p 121 [emphasis added]). ¶ With regard to the conviction for operating a motor vehicle while in an intoxicated condition, testimony of witnesses would be relevant, along with the chemical test result, to prove intoxication. In the instant case, the error in denying discovery was prejudicial despite the additional evidence of intoxication. A chemical test result is highly probative evidence and it is impossible to assess the effect of such evidence on the jury as opposed to the weight given to the other evidence (*id.,* at p 122). Therefore, the conviction on the second count should also be reversed. *People v Farrell* (87 AD2d 690, affd 58 NY2d 637) and *People v Brockum* (88 AD2d 697) do not require a different result since they deal with the admissibility of chemical test results and not the denial of discovery which prevents a defendant from challenging the reliability and accuracy of the machine. For the above reasons, the judgment of conviction must be reversed. ¶ Resolution of the appeal on the above-discussed ground renders unnecessary the determination of the other issues raised by defendant. ¶ Judgment reversed, on the law, and matter remitted to County Court of Tompkins County for a new trial. Mahoney, P. J., Weiss and Mikoll, JJ., concur; Yesawich, Jr., J., concurs in part and dissents in part in the following memorandum; Kane, J., dissents and votes to affirm in a separate memorandum.

Yesawich, Jr., J. (concurring in part and dissenting in part). I agree with the majority that the trial court erred in denying defendant's motion for discovery of the calibration tests (CPL 240.20, subd 1, par [c]). Since the conviction pursuant to subdivision 2 of section 1192 of the Vehicle and Traffic Law is based solely on the breathalyzer result, it should be reversed. ¶ There is, however, ample independent evidence to support defendant's conviction for

[*] Defendant urges that the fact that the breathalyzer had not been calibrated for more than six months renders the test result invalid for failure of proper foundation, citing to *People v Todd* (79 Misc 2d 630, revd on other grounds 38 NY2d 755). However, defendant failed to introduce any statutes, regulations or expert documentary or testimonial evidence that a breathalyzer must be calibrated every six months in order to insure reliability.

driving while in an intoxicated condition under subdivision 3 of section 1192 (see *People v Farrell*, 87 AD2d 690 [concurring opn], affd 58 NY2d 637). Defendant was found slumped over the steering wheel of his car in a ditch. The ignition and lights were both on and the automatic transmission shift was in the drive position. In addition, the attending officer testified that defendant had difficulty in walking and talking, failed to perform field sobriety tests and that alcohol could be smelled both on defendant's breath and in his vehicle.

Kane, J. (dissenting). In my view, this judgment of conviction should be affirmed. First, it is not clear from this record that defendant was denied the pretrial information he sought. Prior to opening statements, the trial court specifically asked defense counsel whether there were "any Articles 240, *Rosario*, or *Brady* materials that haven't been turned over", to which counsel replied, "No, your Honor, the People have been very cooperative and turned over all other requested materials." This conversation occurred just after defense counsel had requested an adjournment to further inquire as to additional manufacturers' advisory notices related to radio frequency interference affecting the model breathalyzer machine used herein. The People had supplied defense counsel with whatever bulletin was then available. Thus, the rulings of the trial court were correct. ¶ Second, the calibration tests do not fall within the provisions of CPL 240.20 (subd 1, par [c]), mandating disclosure by the People, since these tests are routine procedures not specifically "relating to the criminal action or proceeding" in question. The statute, being in derogation of the common law, must be strictly construed (McKinney's Cons Laws of NY, Book 1, Statutes, § 301, subd a). Moreover, the records of the calibration tests for the breathalyzer machine were kept by the Division of Criminal Justice Services, Bureau of Municipal Police, or the Division of State Police in Albany and were readily obtainable from them pursuant to the provisions of the Freedom of Information Law (Public Officers Law, art 6; see *Matter of Johnson Newspaper Corp. v Stainkamp*, 94 AD2d 825). It is the People's burden to establish the reliability of the calibration tests, and when the results thereof are properly authenticated and certified, they are admissible in evidence (CPLR 4518, subd [c]). Any attack upon these tests by defendant would affect the weight of this evidence, not its admissibility. These factors, together with the independent overwhelming proof of defendant's intoxication, mandate an affirmance in all respects.