OPINION OF THE COURT
Betty D. Friedlander, J.
In this pretrial discovery proceeding under CPL 240.40, at issue is defendant’s application for an order requiring disclosure of laboratory notes made by the State Police Crime Laboratory serologist who processed a “rape kit” consisting of specimens and body samples taken from the victim for analysis. Defendant argues that all laboratory notes prepared in connection with the laboratory testing are discoverable under the language of CPL 240.20 (subd 1, par [c]), which mandates the disclosure of “[a]ny written report or document, or portion thereof, concerning a * * * scientific test or experiment, relating to the criminal action or proceeding and made by, or at the request or direction of a public servant engaged in law enforcement activity.” The People argue that the requirement of CPL 240.20 (subd 1, par [c]) is satisfied by production of the serologist’s final laboratory report, and that notes made in the course of the serologist’s examination are work product or police records which are exempt from discovery absent a showing of unusual circumstances.
Upon consideration of the moving papers and the arguments of counsel, the court concludes that the People should disclose any laboratory notes or checklists formalized by protocol or routine as an integral element of a final *592 report, including notes, calculations, impressions or similar matter routinely made in the course of scientific testing. However, the court also concludes that any other notations, made only as personal aids in computation or experimentation, need not be disclosed under the language and intent of CPL 240.20 (subd 1, par [c]).
While formal notes made as part of a laboratory routine or protocol may not be a “report” as that term is used in the statute, the court concludes that they clearly fall under the rubric of a “document, or portion thereof, concerning a * * * scientific test or experiment,” using the definition of the term “document” found in Black’s Law Dictionary (4th ed); and disclosure of such notes would certainly comport with the statutory intent to provide full opportunity for the defendant to test and challenge the probative worth of the summary report issued as the final result of a scientific test or examination (cf. People v English, 103 AD2d 979, and People v Gower, 42 NY2d 117, 121-122). Moreover, as to such formal notes the court concludes that under the clear term of the statute the work product or police record exemption — which, the court notes, was largely developed under a version of article 240 no longer in effect (cf. People v Copicotto, 50 NY2d 222,225, n 1) — does not apply, as the statute clearly provides for disclosure of records and documents even if the underlying test or examination is conducted by law enforcement personnel themselves. Moreover, the fact that the defendant has been afforded the opportunity to examine and retest the smear slides tested by the police serologist does not obviate the statutory requirement that formal testing documents be disclosed, although it may provide an acceptable substitute for disclosure in cases where the notes are not preserved (cf. People v De Zimm, 102 AD2d 633).
However, the court cannot conclude that the language or intent of CPL 240.20 (subd 1, par [c]) requires the disclosure of scratch pad notations made purely as personal computation or memory aids in the course of a scientific test. Such notations do not fit within the dictionary definition of “documents”, in which the use of the term “instrument” denotes some degree of formality in the preparation and use of the written material in question. Furthermore, *593 the likelihood that personal notes will be tentative, hurriedly scratched, and otherwise illegible suggests that they will be meaningless to anyone but the experimenter, necessitating further discovery in the form of depositions and/or additional hearings in order to make them useful to the defendant; and the court cannot conclude that the statutory intent to provide defendant with ample opportunity to challenge the probative worth of formal laboratory reports would be furthered by dissipating energies into potentially interminable proceedings to decipher patently provisional and personal notes of the scientist who performed the test (cf. English, supra, and Gower, supra).
Defendant is therefore entitled to additional discovery of any formal laboratory notes as defined above, generated in the course of the serologist’s examination, whether in the possession of the District Attorney or the police, but is not entitled to other personal notations or computations. The People shall turn over to the defendant any formal laboratory notes in existence; if there is any question about the nature of the notes in the instant case, they shall be submitted to the court for in camera examination. The People shall also make the smear slides available for testing by the defendant.