OPINION OF THE COURT
William M. Erlbaum, J.
The defendant is accused of operating an automobile under the influence of alcohol, a misdemeanor defined in Vehicle and Traffic Law § 1192 (2). The statute forbids motor vehicle operation while the operator "has .10 of one per centum or more by weight of alcohol in his blood”.
Defense counsel, arguing that even an extraordinary person is hardpressed to know the percentage of alcohol in his or her bloodstream and lacks reasonable means of knowing when the threshold of criminality is about to be crossed,[1] moves to dismiss the case for failure of fair notice. In particular, counsel claims that Vehicle and Traffic Law § 1192 (2) is "void *215 for vagueness”[2] under the due process clauses of the United States[3] and New York State[4] Constitutions, alleging that it fails to give someone of ordinary intelligence fair notice that his or her conduct is forbidden.
By its terms, the only voluntary act required to be proven for conviction under Vehicle and Traffic Law § 1192 (2) is the act of operating an automobile. Knowledge, by the operator, of the condition of his or her blood is not required. In effect, Vehicle and Traffic Law § 1192 (2) makes the operator a guarantor, at absolute peril, that his or her blood is not in the forbidden condition.
The language of Vehicle and Traffic Law § 1192 (2) makes possible the conviction of a person who may have not acted wrongfully or negligently and who is not morally blameworthy.[5] In short, this amounts to no-fault criminal law.[6]
On the other hand, the People may be in a position to show at a trial that the defendant knew or reasonably should have known or could have known of the condition of his blood.[7]
*216 In any event, Vehicle and Traffic Law § 1192 (2) is not facially "void for vagueness.”[8] To the contrary, the .10 of 1% threshold, the controlling norm contained in the statute, is both explicit and unambiguous,[9] whether or not the defendant knew if it had been exceeded.
The trial may go forward. If, by the conclusion of the case, there is an insufficient showing that the defendant knew or reasonably could have known that his blood was in the forbidden condition, counsel may call the constitutionality of Vehicle and Traffic Law § 1192 (2), as it applies to his client,[10] into question. That issue, now premature[11] and speculative, will then be ripe for adjudication.[12]

. Although defense counsel makes no attack upon so-called scientific means for determining blood alcohol percentages, the state of the art has not been trouble free. (See, People v Hochheimer, 119 Misc 2d 344; People v Drumm, 122 Misc 2d 1051; People v English, 103 AD2d 979.)

. A statute is not void for vagueness when, first, it is "sufficiently definite 'to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute’ ”, and second, when it provides " 'explicit standards for those who apply them’ so as to avoid 'resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application’ ” (People v Smith, 44 NY2d 613, 618, quoting cases cited therein).
Defense counsel’s attack on Vehicle and Traffic Law § 1192 (2) herein, is based only upon the first prong of this test. (See, n 9, infra, and accompanying text.)

. US Const, 14th Amend, § 1.

. NY Const, art I, § 6.

. People v Schmidt (124 Misc 2d 102) and People v Glover (Grim Ct, NY County, docket No. 3N074359, Dec. 6, 1983) reject "void for vagueness” claims made against Vehicle and Traffic Law § 1192 (2). While the discussions in those cases contain a showing of how a violator might well know or reasonably should or could know that his or her blood alcohol percentage has exceeded the legal limit, and might thus be blameworthy, neither opinion considers the fact that the statute, by its terms, permits conviction without a showing of such knowledge.

. Statutes such as Vehicle and Traffic Law § 1192 (2), variously referred to as public welfare, strict liability, or malum prohibitum statutes, have been the subject of scholarly criticism precisely because they create penal offenses without purporting to limit their application to those whose conduct is morally wrongful or blameworthy. (See, Hall, General Principles of Criminal Law, at 325-359 [2d ed].)

. Among other things, the accusatory instrument in this case alleges that the arresting officer "observed that the defendant looked intoxicated * * * smelled alcohol on defendant’s breath, and that the defendant was slightly unbalanced”.

. People v Perez, 73 AD2d 677 (no analysis presented); see, People v Rhodes, 121 Misc 2d 701 (Vehicle and Traffic Law § 1192 [2], malum, prohibitum, not unconstitutional as applicable to an alcoholic); see, cases cited in n 5, supra.

. Defense counsel appears to concede this point. (See, n 2, supra.) Mr. Piniero’s affirmation states: "There is no question but that VTL Section 1192 (2) is valid under the second prong of the vagueness test, in that the said statute explicitly sets forth a specific standard for use in enforcement of the statute.”

. It has been held that, except in a 1st Amendment context, a person whose conduct may be validly prohibited by a statute, may not attack its potential overbreadth as applied to others (Schaumburg v Citizens for Better Envt., 444 US 620, 634, and cases cited therein).

. See, n 10, supra.

. Defendant’s motion for discovery is granted as to items 12,13,15 and 16 of his demand to produce. (See, People v English, 103 AD2d 979.) In all other respects, his motions are denied, except as consented to by the People.