(October 30, 1986)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. CORLEY, Appellant.—Main, J.

Defendant was tried and convicted of operating a motor vehicle with at least .10% of alcohol in his blood (see, Vehicle and Traffic Law § 1192 [2]) and operating a motor vehicle while intoxicated (see, Vehicle and Traffic Law § 1192 [3]). On this appeal, defendant urges that he was impermissibly prejudiced by the People's failure to supply him, until the first day of trial, with documents relating to the testing and calibration of the breathalyzer instrument used to test defendant's blood alcohol level. Some time prior to trial, defendant had submitted to the People a demand to produce, inter alia, written reports or documents concerning any scientific tests or experiments relating to the criminal action. It appears from the record that, in response to this demand, the People produced only the test results themselves. When confronted with the additional documentation at trial, defendant moved to suppress the test results or for a continuance. Finding that defendant's demand to produce could not be interpreted as requesting this documentation, the trial court denied the motion.

We are constrained to agree that defendant was prejudiced by the People's failure to timely produce the documentation. In People v English (103 AD2d 979), we found that the trial court erred in denying discovery of breathalyzer machine records, since such records are "written report[s] or document[s] * * * concerning a * * * scientific test * * * relating

to the criminal action or proceeding which [were] made by, or at the request or direction of a public servant engaged in law enforcement activity" (CPL 240.20 [1] [c]). Accordingly, the People were required to turn over the breathalyzer records upon request in the present case. While this case does differ from *English* in that the defendant's demand to produce in *English* specifically requested calibration documents, we do not agree with the trial court that defendant's request was too broadly worded. The only scientific test performed in this case was the breathalyzer test, and defendant's demand therefore could be interpreted only to refer to this test. Further, the wording of the request does not limit the request to test results, but demands all documents relating to the test.

The People's failure to turn over these documents when requested cannot be said to be harmless error. While a new trial is not automatically required when requested evidence has not been turned over, a denial of a new trial generally occurs when the evidence might have proved useful to the defense but most likely would not have changed the verdict *(see, People v McMullen,* 92 AD2d 1059). However, the breathalyzer documents were much more important in the present case. In order to introduce into evidence the breathalyzer test results, the People were required to "introduce evidence from which the trier of fact could reasonably conclude * * * that the testing device was in proper working order at the time the test was administered to the defendant" *(People v Freeland,* 68 NY2d 699, 700). The documents presented to defense counsel five minutes before trial were precisely this type of foundation evidence. Without the admission of this evidence, the test results could not have been admitted *(see, supra).* Similarly, the trial court's refusal to grant a continuance in order to permit defendant's examination of the documents frustrated defendant's challenge to the reliability of the breathalyzer machine *(cf. People v English, supra).* We finally note that defendant's failure to move pursuant to CPL 240.40 to compel the People to produce this documentation did not constitute a waiver of his right to this information.

Since the breathalyzer test constituted the only evidence with regard to defendant's indictment under Vehicle and Traffic Law § 1192 (2), defendant's conviction on this count must be reversed. The charge under Vehicle and Traffic Law § 1192 (3) does not necessarily depend upon the breathalyzer test results. However, as we noted in *People v English (supra),* the chemical test would be considered along with other evidence presented with regard to that charge, and "it is impossi-

ble to assess the effect of [the chemical test] on the jury as opposed to the weight given to the other evidence" *(supra,* at p 980). Accordingly, defendant's conviction on this count must be reversed as well.

Because of this resolution, it is unnecessary to determine the other issues raised by defendant.

Judgment reversed, on the law, and matter remitted to the Supreme Court, Tompkins County, for a new trial. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.