OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the judgment of conviction vacated and the indictment dismissed.
Defendant — a member of the Ulster County Legislature and President of Onteora Enterprises, Inc., a wholesale meat vendor — was the target of an investigation by the Ulster County Grand Jury concerning contracts between the county and M&D Provisions Distributing Company (M&D). M&D, a sole proprietorship owned by defendant’s sister, operated out of Onteora’s plant. At his own request, defendant, accompanied by his attorney, appeared to testify before the Grand Jury. Before defendant began testifying, in the presence of the Grand Jury the prosecutor told him the subject of the investigation and that he would be permitted to testify in response to the allegations, but only if he agreed to waive immunity. Defendant indicated that he had discussed the matter with his attorney; that he understood that any statements he made before the Grand Jury could be used against him if he were indicted; and that he was appearing of his own free will. The prosecutor thereupon informed the Grand Jury that defendant’s attorney had provided him with a waiver of immunity signed by defendant and notarized. At no time, however, did defendant swear before the Grand Jury that he had in fact executed the waiver or that he waived immunity. After his testimony, defendant was indicted for alleged violations of General Municipal Law §§ 801 and 803.
At trial, defendant sought dismissal of the indictment on the ground that his waiver of immunity did not comply with CPL 190.45 (2) and therefore his testimony before the Grand Jury rendered him immune from prosecution (CPL 190.40). That motion was denied. Defendant was subsequently convicted of two counts of violating General Municipal Law § 801 and the Appellate Division affirmed. We now reverse.
CPL 190.45 (2) provides that "[a] waiver of immunity is not effective unless and until it is sworn to before the grand jury conducting the proceeding in which the subscriber has been *626 called as a witness.” Here, defendant never swore to his waiver of immunity before the Grand Jury; thus, pursuant to the unequivocal direction of CPL 190.45 (2), his waiver must be deemed ineffective. CPL 190.40 (2) (a) further provides that a witness who gives evidence in a Grand Jury proceeding receives immunity unless he "has effectively waived such immunity pursuant to section 190.45”. Because defendant’s waiver of immunity was ineffective, his subsequent testimony before the Grand Jury rendered him immune from prosecution for all acts or transactions that were the subject of his testimony (see, People v Chapman, 69 NY2d 497). The present indictment, therefore, must be dismissed (CPL 50.10 [1]).
In reaching this conclusion, we reject the People’s contention that they "substantially” complied with CPL 190.45 (2), and that a mere technical violation of the statute should not nullify defendant’s waiver of immunity. As we noted only recently in Chapman (supra, at 501-502), CPL 190.40 (2) (a), "the keystone of our modern immunity rules”, was enacted "to eliminate the confusing thicket of decisional law and overlapping legislative provisions that had evolved both before and after the enactment of the predecessor provision”. Where the Legislature has unambiguously required that a waiver of immunity be sworn to before the Grand Jury, and where the Legislature has unambiguously provided that a waiver is ineffective unless and until so sworn, it is not for the People to fashion a substitute for the procedure prescribed by statute.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.