OPINION OF THE COURT
James E. Morris, J.
The defendant has been charged with driving while intoxicated, pursuant to section 1192 (2) and (3) of the Vehicle and Traffic Law. As part of the People’s proof, evidence will be introduced of the results of a breathalyzer test.
The defendant seeks as discovery of documentation concerning the certification and calibration of the ampules and the breathalyzer instrument. The defendant argues that CPL 240.20 (1) (c) imposes a duty upon the People to produce the *688 documents upon demand. The People have put forth the position that inasmuch as the certification of the breathalyzer is not within their control, they do not have to produce the certification or calibration documents.
Inasmuch as People v Mertz (68 NY2d 136) clearly puts at issue certain legal standards of proof regarding certificates of calibration of the breathalyzer an important burden on the People is that these documents are properly certified.
The People have taken the position that the documents are not within their control. This argument is ludicrous. The instruments are used by the police agencies who rely upon the certifications of another agency of the government. It is incumbent upon the District Attorney to provide full and open discovery which was contemplated by the statute. The very purpose of discovery is to permit an evaluation of each issue by each party which can lead to a more fair and expeditious resolution of a case. The People should comply with the request of the defense in obtaining and providing "[a]ny written report or document, or portion thereof, concerning * * * scientific test * * * relating to the criminal action or proceeding which was made by, or at the request or discretion of a public servant engaged in law enforcement activity” (CPL 240.20 [1] [c]). The calibration records are essential to the defense as well as Brady material. They are clearly discoverable upon demand. (People v English, 103 AD2d 979; and see, People v Corley, 124 AD2d 390.)
The court directs that the District Attorney provide the calibration documents and certifications of the breathalyzer, within a reasonable time after demand to produce. Otherwise, the scientific evidence relied upon will be suppressed at time of trial.