OPINION OF THE COURT
Dan Lamont, J.
Is the decision of the Appellate Division, Second Department, in the case of People v Lyon (82 AD2d 516 [2d Dept 1981]) relative to the swearing to a waiver of immunity before the Grand Jury still good law in light of the decision of the Court of Appeals in the case of People v Higley (70 NY2d 624 *919 [1987])? This court holds and determines that even though the Court of Appeals in People v Higley (supra) rejected a substantial compliance argument and required strict compliance with the waiver of immunity statute (CPL 190.45 [2]), the case of People v Lyon (supra) still remains persuasive relative to the formalities required for an oath when a waiver of immunity is sworn to before the Grand Jury.
This court dismissed an indictment charging the defendant with driving while intoxicated as a felony upon the ground that the Grand Jury proceeding was defective (CPL 210.20 [1] [c]; 210.35). The People apply for leave to resubmit the charges to another Grand Jury (CPL 210.20 [4]). Defendant objects and contends that he is immune from prosecution based upon a defective waiver of immunity (see, CPL 190.40 [2] [a]).
The defendant appeared with legal counsel before the Grand Jury on September 20, 1991, and subscribed a waiver of immunity before the Grand Jury; however, he did not formally raise his right hand and recite that he swore to the waiver in the Grand Jury chamber. The defendant acknowledged his signature to the Grand Jury foreman. The written waiver of immunity signed by defendant before the Grand Jury provides immediately below defendant’s signature as follows:
"STATE OF NEW YORK )
"COUNTY OF SCHOHARIE ) SS.:
"Sworn to before the Schoharie County Grand Jury this 20 day of September, 1991.
"s/Angelika Hoeher "Foreman”.
THE LAW
CPL 190.45 (2) provides that "[a] waiver of immunity is not effective unless and until it is sworn to before the grand jury conducting the proceeding in which the subscriber has been called as a witness.”
CPL 190.40 (2) (a) provides that a witness who gives evidence in a Grand Jury proceeding receives immunity unless he "has effectively waived such immunity pursuant to section 190.45”.
*920 The Legislature has unambiguously provided that a waiver of immunity is ineffective unless and until sworn to before the Grand Jury.
The Court of Appeals has held that a waiver of immunity sworn to and notarized before a notary public — but not sworn to before the Grand Jury — was ineffective, such that defendant’s subsequent testimony before the Grand Jury rendered him immune from prosecution for all acts or transactions which were the subject of his testimony (see, People v Higley, supra).
The Appellate Division, Second Department, has previously held that the statutory requirement is met, whatever the form of the oath adopted, if the oath is taken in the presence of an officer authorized to administer it, and it must be an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath (People v Lyon, supra, at 529).
Penal Law § 210.00 (2) defines "swear” as "to state under oath.” CPL 1.20 (38) states that an oath "includes an affirmation and every other mode authorized by law of attesting to the truth of that which is stated” (see also, Penal Law § 210.00 [1]; General Construction Law § 36). CPLR 2309 (b) provides that "an oath or affirmation shall be administered in a form calculated to awaken the conscience and impress the mind of the person taking it in accordance with his religious or ethical beliefs.”
"In order to constitute a valid oath, there must be in some form an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath (O’Reilly v People, 86 NY 154, 161; Bookman v City of New York, 200 NY 53, 56; People v Lennox, 94 Misc 2d 730, 734; People ex rel. Greene v Swasey, 122 Misc 388)” (People v Coles, 141 Misc 2d 965, 974 [Sup Ct, Kings County 1988]).
DISCUSSION
In this case, the defendant actually signed the waiver instrument in the presence of the Grand Jury foreman (see, CPL 190.25 [2]), in the Grand Jury chambers before the Grand Jury. The Assistant District Attorney read to the defendant the entire waiver instrument in the Grand Jury room in the presence of the Grand Jury foreman, the Grand Jury, the defendant, and the defendant’s counsel. The defendant’s signature upon a document bearing the printed legend "Subscribed *921 and sworn to before me this - day of-, 19 — ” evinces an intention that the document in question operate as a sworn statement, so that by signing the waiver instrument in the presence of the Grand Jury the defendant took upon himself "the obligation of an oath” (Bookman v City of New York, supra, at 56; People v Lyon, 82 AD2d 516, 529, supra).
The defendant acknowledged to the Grand Jury foreman that the signature on the waiver of immunity was in fact his own (see, e.g., People v Hodge, 141 AD2d 843 [2d Dept 1988]). The defendant herein had the benefit of counsel during his Grand Jury appearance, a benefit specifically conferred by CPL 190.52 (1), (2) in exchange for the execution of a waiver of immunity. The waiver of immunity instrument appears in all respects regular and proper on its face.
CONCLUSION
Under the totality of the circumstances, this court concludes, holds and determines that defendant subscribed and swore to a written waiver of immunity before the Grand Jury conducting the proceeding within the meaning, spirit, and intent of CPL 190.45 (2) and People v Higley (supra), and that defendant therefore did not obtain immunity from prosecution (People v Lyon, supra, at 529).
Accordingly, the People are hereby granted authorization to submit the charges against defendant to another Grand Jury (CPL 210.20 [4]).