■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE HOUGH, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of manslaughter in the first degree, defendant contends that his waiver of immunity before the Grand Jury was ineffective. By entering a plea of guilty, defendant "for-

feited any claim of transactional immunity" *(People v Flihan,* 73 NY2d 729, 731, rearg denied 73 NY2d 872; *see also, People v Jones,* 162 AD2d 1023, *lv denied* 76 NY2d 941).

We find no merit to defendant's contention that he was denied the effective assistance of counsel because his attorney failed to move to dismiss the indictment based upon defendant's ineffective waiver of immunity. Although the Court of Appeals decided *People v Higley* (70 NY2d 624) four months before defendant entered his plea, the procedure whereby the defendant purported to waive immunity in *Higley* was different from the one utilized in this case. Several months after defendant was convicted, this Court decided *People v Goldson* (145 AD2d 982), holding that the procedure utilized in defendant's case, although different from the procedure utilized in *Higley,* was ineffective to waive immunity.

In any event, the failure of defense counsel to make a particular motion, even if it would have been successful, does not necessarily render counsel's performance ineffective *(see, People v De Pillo,* 168 AD2d 899, *lv denied* 78 NY2d 965). The representation must be viewed in its entirety. Here, unlike in *People v Dombrowski* (163 AD2d 873, 874), relied upon by defendant, defense counsel did not commit "numerous errors, the cumulative effect of which deprived defendant of the effective assistance of counsel". Counsel made appropriate pretrial motions, negotiated a reduced plea, and secured a sentencing commitment for less than the maximum sentence.

We decline to modify defendant's sentence in the interest of justice. (Appeal from Judgment of Supreme Court, Erie County, Marshall, J.—Manslaughter, 1st Degree.) Present—Callahan, J. P., Boomer, Pine, Fallon and Doerr, JJ.