■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL J. YOUNG, Appellant. [613 NYS2d 469] —Cardona, P. J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered November 8, 1993, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Following his arrest, defendant waived a preliminary hearing and exercised his right to appear and testify before the Grand Jury. Prior to his appearance before the Grand Jury, defendant was given a blank waiver of immunity form to review with his attorney. Just as the case was to be presented, defendant's attorney provided the prosecutor with his client's executed waiver form which he, as his attorney, had nota-

rized. An additional blank waiver form was prepared. Once inside the Grand Jury room the record reflects that defendant was "duly sworn". The prosecutor read CPL 190.45 (2) and 190.52 (1) and (2) to defendant in the presence of his attorney. The following colloquy and action then took place before the Grand Jury:

"Q. Sir, tell the Grand Jury what your name is?

"A. Darrell John Young.

"Q. And, Mr. Young, let me show you what's been marked as People's Exhibit 4 for identification purposes and ask you if you've had a chance to look at that form with Mr. Hatch?

"A. Yes, I have.

"Q. That's a waiver of immunity form?

"A. Yes.

"Q. Okay. And, do you have any questions about that?

"A. No.

"Q. You understand that by signing that form and testifying you're waiving any immunity you have in this situation?

"A. Yeah.

"Q. Okay. It's your intention to sign this waiver of immunity and testify before the Grand Jury about what happened on February 20th, 1993?

"A. Yes, it is.

"Q. If you could, please step down in front of the foreman and sign this.

"A. (So done. Duly notarized by Assistant District Attorney.)

"BY MS. PAUL: At this time I'll put into evidence People's Exhibit 4, the waiver of immunity signed by Darrell Young."

Defendant was indicted on five counts. Relying upon the decision of the Court of Appeals in *People v Higley* (70 NY2d 624), defendant moved to dismiss the indictment contending that he had been granted transactional immunity because his waiver had not been obtained in strict compliance with CPL 190.45 (2). County Court found the waiver effective and denied the motion. Defendant pleaded guilty to one count of driving while intoxicated and was sentenced. Defendant appeals.

CPL 190.45 (2) provides that "[a] waiver of immunity is not effective unless and until it is sworn to before the grand jury conducting the proceeding in which the subscriber has been called as a witness". CPL 190.40 (2) (a) provides that a witness who gives evidence in a Grand Jury proceeding receives immunity unless the witness "has effectively waived such immunity pursuant to section 190.45".

In *People v Higley (supra,* at 625), the Court held that a signed and notarized waiver of immunity presented to the prosecutor by the defendant's attorney was ineffective because the defendant did not "swear before the Grand Jury that he had in fact executed the waiver or that he waived immunity". Here, defendant was sworn before the Grand Jury and, while under oath to tell the truth, was asked to and did acknowledge before that body that he understood that he was waiving immunity. As County Court found, this was " 'an unequivocal and present act by which' " defendant " 'consciously [took] upon himself the obligation of an oath.' " *(People v Lyon,* 82 AD2d 516, 529, quoting *Bookman v City of New York,* 200 NY 53, 56; *see, People v McMillen,* 152 Misc 2d 918.) Once taken, this oath, together with the signing of the written waiver duly acknowledged by the prosecutor in the presence of Grand Jury, satisfied the statute's "unambiguous * * * require-[ment]" *(People v Higley, supra,* at 626) that the waiver be *sworn to* before the Grand Jury. Accordingly, we find that defendant's waiver of immunity was effective and affirm the judgment of conviction.

Mikoll, White, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed.