■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT B. HEIDELMARK, Appellant. [624 NYS2d 656] —Peters, J. Appeal from a judgment of the County Court of Clinton

County (Lewis, J.), rendered November 15, 1993, upon a verdict convicting defendant of the crime of driving while intoxicated and the traffic offense of speeding.

At approximately 7:45 P.M. on February 2, 1993, defendant was stopped by State Trooper Joseph Krug after passing the intersection of State Routes 190 and 3 for traveling 54 miles per hour in a 40 mile-per-hour speed zone. Due to the presence of alcohol on defendant's breath, his fumbling attempts to produce his license, glazed eyes and slurred speech, Krug asked defendant to undergo a set of field sobriety tests which included the Horizontal Gaze Nystagmus (hereinafter HGN), walk and turn, alphabet and one leg stand. Defendant failed every test, admitted to Krug that he was drinking and was thereafter arrested for driving while intoxicated. After his transport to the State Police barracks, defendant received the appropriate warnings and consented to a breathalyzer test. The test was administered by Krug and revealed a blood alcohol content of 0.16%.

Defendant elected to testify before the Grand Jury and executed a waiver of immunity. He was thereafter indicted for driving while intoxicated (hereinafter DWI) as a felony (see, Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c]) due to his prior conviction of DWI as a misdemeanor, and for operating a motor vehicle in excess of the speed limit (see, Vehicle and Traffic Law § 1180 [d]). The parties engaged in voluntary discovery yet defendant contended, prior to trial, that he had not been provided with all material identified in the People's list of discovery. He thereafter moved to dismiss the indictment on the ground that his waiver of immunity was improperly obtained or, in the alternative, for an order directing the People to provide all documents to which he was entitled pursuant to CPL 240.20 (1) (k). Such motion was denied and the matter proceeded to trial.

On the day preceding jury selection, the People provided defendant with, inter alia, certificates of calibration and testing for the breathalyzer machine. Defendant requested a two-month adjournment, which was denied by County Court. Defendant thereafter refused County Court's offer of a one-day continuance to review the materials and, upon further argument contemplating a longer adjournment, defense counsel withdrew his request for an adjournment, affirmatively stating that he was "prepared to go forward". Following a jury trial, he was convicted on both counts of the indictment. Defendant appeals.

Defendant's first contention is that the People failed to obtain his waiver of immunity in strict compliance with the mandates of CPL 190.45 prior to his testifying before the Grand Jury. Our review of the record indicates that it is uncontested that defendant was sworn before the Grand Jury and that, while under oath, was asked to and did acknowledge that he understood that he was waiving his right to immunity. Since the colloquy which followed in the Grand Jury mirrored that which we noted in *People v Young* (205 AD2d 908, 909), we find that the People complied with the requirements of CPL 190.45 as articulated in *People v Higley* (70 NY2d 624).

We further reject defendant's contention that the People's conceded delay in providing the certificates of calibration for the breathalyzer machine denied him of the ability to prepare an adequate defense. Unlike *People v Corley* (124 AD2d 390), we find in this case that County Court did not refuse to grant defendant a continuance. After his affirmative representation that he was prepared to proceed as scheduled, we find that defendant cannot now allege that he was prejudiced by the delay *(see, People v Erickson,* 156 AD2d 760, *lv denied* 75 NY2d 966) or that the earlier production of this material might have resulted in a different outcome *(see, People v Corley, supra,* at 391).

We do, however, find that defendant's contention of error by County Court, in allowing testimony concerning the HGN field sobriety test without a proper foundation as to its scientific acceptance or reliability, is correct. The People's reliance upon *People v Quinn* (153 Misc 2d 139, *revd* 158 Misc 2d 1015) to support their contention that HGN has been upheld as scientifically reliable was reversed, with the Appellate Term refusing to directly address that issue. Although the courts of our State have not conclusively determined that HGN is generally acceptable as reliable *(see, People v Middleton,* 54 NY2d 42, 49), we must nonetheless conclude that such error was harmless due to the other evidence which overwhelmingly established defendant's guilt *(see, People v Erickson, supra; People v Torrey,* 144 AD2d 865).

We further find, contrary to defendant's contentions, that County Court properly took judicial notice of the speed limit in the area where defendant was stopped *(see,* 15 NYCRR 1009.18 [c]) and that this, together with Krug's testimony and defendant's admission that he knew that the speed limit was 40 miles per hour in the subject area, properly placed the issue before the jury *(see, People v Foster,* 27 NY2d 47).

Addressing the remaining issues raised by defendant concerning alleged error during the trial, we first note that the wording used in the certificates of calibration, as quoted by defense counsel in the record, is no more than a certification that on the date that the breathalyzer machine was tested, it was found to be in good working order for the purpose of providing accurate and reliable test results. Hence, such certificate was admissible for the purpose of establishing a foundation for the admission of the breathalyzer test results at trial (see, People v Sherwood, 160 AD2d 1203, 1205, lv denied 76 NY2d 796). We further find that there was sufficient testimony regarding the routine testing and maintenance of the machine to enable the jury to determine its accuracy and reliability at the time defendant was tested.

Addressing next County Court's limitation of expert testimony proffered by the defense, it is well settled that the qualification of a witness to testify as an expert, as well as the jury's need for expert testimony, are determinations left to the sound discretion of the trial court (see, Werner v Sun Oil Co., 65 NY2d 839, 840). Here, defendant's expert, Mark Gretch, was permitted to generally testify regarding the absorption of drugs through the body and the processes of elimination, with time as a factor, which included an explanation that each individual does not metabolize alcohol and drugs at the same rate. However, due to Gretch's admission that despite his background in pharmaceutical kinetics, he had no experience with the disposition of alcohol in the body, we find that County Court correctly concluded that Gretch could not testify as an expert or give an opinion with regard to the absorption and elimination rates of alcohol in the human body (see, Crawford v Koloniaris, 199 AD2d 235). We further note that defense counsel was given considerable latitude to establish the proper foundation for such testimony. In finding that he failed to do so, the limitation of such testimony was proper.

With respect to errors raised by defendant concerning the jury charge, we find no merit. The charge appropriately set forth the law with respect to reasonable doubt and the burden of proof (cf., People v Miller, 194 AD2d 230, lv denied 83 NY2d 913). We further find that County Court appropriately instructed the jury in accordance with People v Mertz (68 NY2d 136, 146).

Mercure, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter

remitted to the County Court of Clinton County for further proceedings pursuant to CPL 460.50 (5).