THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH CRUMP, Appellant. [666 NYS2d 98] —Judgment unanimously affirmed. Memorandum: Defendant's waiver of the right to appeal does not foreclose review of the contention that defendant was denied effective representation of counsel (*see, People v Polanco* [appeal No. 1], 216 AD2d 957, *lv denied* 86 NY2d 800; *People v Ferguson*, 192 AD2d 800, *lv denied* 82 NY2d 717). We conclude, however, that the contention lacks merit. Defense counsel made appropriate pretrial motions, successfully moved for suppression of defendant's first statement to the police and secured a sentencing commitment for less than the maximum sentence (*see, People v Hough*, 186 AD2d 1056, 1057, *lv denied* 81 NY2d 762). Defendant's disagreement with counsel's decisions with respect to the presentation of evidence or cross-examination of witnesses at the *Huntley* hearing is insufficient to establish ineffective assistance of counsel (*see, People v Flores*, 84 NY2d 184, 187). (Appeal from Judgment of Onondaga County Court, Burke, J.—Rape, 1st Degree.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX E. GIBBS, Appellant. [666 NYS2d 530] —Judgment unanimously affirmed. Memorandum: County Court did not err in denying defendant's request to charge the jury pursuant to Penal Law § 15.20 (1) (a) that it could consider whether a mistake of fact negated the culpable mental states involved in the three crimes of which defendant was convicted. Even assuming, arguendo, that defendant mistakenly believed that he was being chased by people intending to harm him, that belief did not affect his knowledge that he was entering the victim's home unlawfully and that he was acting in a manner likely to injure the welfare of the child when he grabbed and held her, nor did it affect his intent to break the door open. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Trespass, 2nd Degree.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.