Appeal from a judgment of Ontario County Court (Harvey, J.), entered December 21, 2001, convicting defendant after a jury trial of, inter alia, driving while intoxicated as a felony.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), criminal trespass in the second degree (Penal Law § 140.15) and criminal mischief in the fourth degree (§ 145.00 [1]). In response to defendant’s pretrial discovery demands, the People inadvertently disclosed the calibration log for a breathalyzer instrument that was not used in connection with defendant’s arrest. At trial, however, the People introduced the calibration log for the correct breathalyzer instrument. Defendant does not contend that anything contained in that log warrants preclusion of the breathalyzer test results, but nevertheless contends that County Court erred in denying his motion to preclude based on the late disclosure of the proper calibration log. We reject defendant’s contention.
Before the results of a breath test may be admitted in evidence, the People are required to lay a proper foundation under CPLR 4518 (a) “to establish that the particular instrument used to test a defendant’s [blood alcohol content] . . . had been tested within a reasonable period in relation to defendant’s test and found to be properly calibrated and in working order” (People v Mertz, 68 NY2d 136, 148 [1986]). Moreover, CPL 240.20 (1) (k) provides that “[t]he prosecutor shall disclose to the defendant. . . any written report or document. . . [reflecting the] calibration or repair of machines or instruments utilized to perform such [breath] tests . . . which the people intend to introduce at trial.” While the People concededly delayed in disclosing the certificates of calibration for the correct breathalyzer instrument, that delay did not deny defendant the ability to prepare an adequate defense (see People v Heidelmark, 214 AD2d 767, 769 [1995], lv denied 85 NY2d 973 [1995]), and nothing contained in the log would have “proved useful to the defense” or might have resulted in a different verdict (People v Corley, 124 AD2d 390, 391 [1986]). Thus, reversal is not *939 required, inasmuch as the delay in disclosing the proper records did not “deprive defendant of his legitimate challenge to the reliability of the breathalyzer” instrument (People v English, 103 AD2d 979, 980 [1984]).
We further conclude that the sentence is not unduly harsh or severe. Present — Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.