◼ The People of the State of New York, Respondent, v Michael J. Heverly, Appellant. [894 NYS2d 690]—

Appeal from a judgment of the Steuben County Court (Marianne Furfure, J.), rendered January 14, 2008. The judgment convicted defendant, upon his plea of guilty, of felony driving while intoxicated (two counts), aggravated unlicensed operation of a motor vehicle in the first degree, offering a false instrument for filing in the first degree and obstructing governmental administration in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c] [former ii]). We note that defendant pleaded guilty following voir dire and the People's disclosure of *Rosario* material. Defendant contends that he was denied effective assistance of counsel because defense counsel failed to request an appropriate sanction for an alleged *Rosario* violation and failed to conduct a complete investigation of the case before proceeding to trial. To the extent that the contention of defendant survives the plea thereafter entered by him and his waiver of the right to appeal (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), it is lacking in merit.

Contrary to defendant's contention, defense counsel objected to the *Rosario* material at issue, i.e., three letters written by defendant to the District Attorney, and requested additional time to review that material with defendant. County Court granted that request and, based on the record before us, it cannot be said that an application for a sanction, such as preclusion, would have been granted inasmuch as defendant was not prejudiced by the alleged delay in disclosure of the letters (*see generally People v Alves*, 1 AD3d 938 [2003]). Furthermore, we note that one of the letters was the basis for the charge of offering a false instrument for filing in the first degree (Penal Law § 175.35), and thus it must be presumed that defendant was aware of the contents of that letter. In any event, we conclude that defendant received meaningful representation. There is no support in the record for defendant's contention that defense counsel failed to conduct a complete investigation. Indeed, the record establishes that defendant "receive[d] an advantageous plea[,] and nothing in the record casts doubt on the apparent effectiveness of [defense] counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Fahey, Lindley and Green, JJ.