People v Lowery (2018 NY Slip Op 00748)





People v Lowery


2018 NY Slip Op 00748


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1435 KA 15-01991

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY LOWERY, DEFENDANT-APPELLANT. 






CATHERINE H. JOSH, ROCHESTER, FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered September 28, 2015. The judgment convicted defendant, upon a jury verdict, of failure to register or verify as a sex offender. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of failure to register or verify as a sex offender (Correction Law § 168-f [3]). Defendant was sentenced, as a persistent felony offender (PFO), to an indeterminate term of 15 years to life.
Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct during opening statements and on summation because he failed to object to any of the alleged instances of misconduct (see People v Lewis, 140 AD3d 1593, 1595 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]). In any event, although we conclude on the merits that defendant was not deprived of a fair trial, we take this opportunity to voice our displeasure with the conduct of the prosecutor. We are certain that the Livingston County District Attorney's Office is well aware that "a prosecutor serves as an officer of the court and a representative of the People of the State" (id.), and that prosecutors " play a distinctive role in the search for truth in criminal cases. As public officers they are charged not simply with seeking convictions but also with ensuring that justice is done. This role gives rise to special responsibilities—constitutional, statutory, ethical, personal—to safeguard the integrity of criminal proceedings and fairness in the criminal process' " (People v Flowers, 151 AD3d 1843, 1845 [4th Dept 2017]). Here, the prosecutor's ill-advised decision to clap sarcastically during summation as he was describing defendant's efforts to report a change of address is entirely inconsistent with the standards of conduct expected of prosecutors, and we therefore admonish the prosecutor for such conduct.
We reject defendant's contention that he was denied effective assistance of counsel. With respect to the failure to object to the alleged instances of prosecutorial misconduct, inasmuch as they were not so egregious as to deprive defendant of a fair trial, defense counsel's failure to object thereto did not deprive defendant of effective assistance of counsel (see People v Black, 137 AD3d 1679, 1680-1681 [4th Dept 2016], lv denied 27 NY3d 1128 [2016], reconsideration denied 28 NY3d 1026 [2016]).
We further reject defendant's contention that his waiver of immunity was ineffective and thus that the grand jury proceedings were defective. CPL 190.45 (2) provides that "[a] waiver of immunity is not effective unless and until it is sworn to before the grand jury conducting the proceeding in which the subscriber has been called as a witness." CPL 190.40 (2) (a) provides that a witness who gives evidence in a grand jury proceeding receives immunity unless, in relevant part, the witness "has effectively waived such immunity pursuant to section 190.45." Here, defendant was administered an oath by the grand jury foreperson. After being sworn in, [*2]defendant acknowledged that he intended to testify before the grand jury under a waiver of immunity, the waiver of immunity was explained to him by the assistant district attorney, defendant stated that his attorney had explained the waiver of immunity to him and he then signed the waiver in the presence of the grand jury. In our view, the statutory requirements were met and the waiver was valid (see People v Edwards, 37 AD3d 289, 289 [1st Dept 2007], lv denied 9 NY3d 843 [2007]; People v Young, 205 AD2d 908, 909-910 [3d Dept 1994]). Furthermore, the fact that defense counsel notarized the waiver does not render counsel ineffective and does not render the waiver invalid (see generally Young, 205 AD2d at 908).
Although we agree with defendant that County Court erred in counting defendant's prior felony convictions of perjury in the first degree, criminal possession of stolen property in the second degree and assault in the first degree as separate felonies (see Penal Law
§ 70.10 [1] [c]), defendant nevertheless had two qualifying prior felonies for PFO status. Contrary to defendant's contention, his 1977 rape conviction was properly used as both the registerable offense and a predicate felony for PFO purposes and does not violate the prohibition against double jeopardy. The Sex Offender Registration Act (SORA) "does not impose punishment, but is a civil statute aimed at prevention of crime and protection of the public" (People v Szwalla, 61 AD3d 1289, 1290 [3d Dept 2009]; see People v Miller, 77 AD3d 1386, 1387-1388 [4th Dept 2010], lv denied 16 NY3d 701 [2011]). The violation of Correction Law § 168-f is itself a crime, distinct from the original crime as having no shared elements, and sentencing as a PFO is "based solely on the existence of two prior felony convictions" (People v Quinones, 12 NY3d 116, 128 [2009], cert denied 558 US 821 [2009]). Defendant's rape conviction was the prerequisite to his adjudication as a sex offender, and that adjudication is not considered a criminal punishment. The rape conviction is not an element of his Correction Law crime, but his subsequent failure to verify his address under the requirements of SORA is (see §§ 168-f, 168-t). Contrary to defendant's related contention, New York's PFO statute is constitutional on its face and as applied in this case (see People v Giles, 24 NY3d 1066, 1068 [2014], cert denied — US &mdash, 136 S Ct 32 [2015]; People v Battles, 16 NY3d 54, 59 [2010], cert denied 565 US 828 [2011]; People v Cehfus, 140 AD3d 1644, 1645 [4th Dept 2016], lv denied 28 NY3d 969 [2016]).
We further conclude that defendant's sentence is not unduly harsh or severe and that the court properly exercised its discretion in adjudicating defendant a PFO (see People v Boykins, 134 AD3d 1542, 1543 [4th Dept 2015], lv denied 27 NY3d 1066 [2016]). "Defendant's history and character . . . and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest' " (People v Prindle, 129 AD3d 1506, 1507 [4th Dept 2015], affd 29 NY3d 463 [2017], cert denied — US — [Dec. 4, 2017] [2017]).
Finally, we reject defendant's related contention that his sentence was a result of prosecutorial and/or institutional vindictiveness. "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting [his] right to trial . . . , and there is no indication in the record before us that the sentencing court [or the prosecutor] acted in a vindictive manner based on defendant's exercise of the right to a trial" (People v Garner, 136 AD3d 1374, 1374-1375 [4th Dept 2016], lv denied 27 NY3d 997 [2016] [internal quotation marks omitted]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court