## MORGAN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

MUNICIPAL CORPORATIONS (§ 220*)—SERVICES OF OFFICER OUTSIDE REGULAR
DUTIES—ACTION FOR COMPENSATION—BURDEN OF PROOF.

The law implying an obligation to pay for the services of plaintiff as
commissioner of deeds in taking affidavits of persons in or having business
with the bureau of buildings in the city of New York, unless the services
were rendered gratuitously or as a part of plaintiff's regular services as a
messenger in that department, for which he received a salary, and without
expectation of compensation therefor, he made out his case by showing the
services were rendered outside his hours of service as a messenger, and
that he had not been paid therefor, so that the city had the burden of
showing that the services were rendered gratuitously, or without expecta-
tion of compensation, matters of defense.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
220.*]

Appeal from Trial Term, New York County.

Action by George Morgan against the City of New York. From
a judgment on a verdict for defendant, and from an order denying
a motion for new trial, plaintiff appeals. Reversed, and new trial
ordered.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER,
and DOWLING, JJ.

Alfred J. Talley, for appellant.
Clarence L. Barber, for respondent.

McLAUGHLIN, J. The plaintiff, between the 1st of October,
1901, and the 6th of November, 1903, was a commissioner of deeds
of the city of New York, and as such administered an oath and cer-
tified the same to 27,500 affidavits made by various persons in or
having business with the bureau of buildings in the city of New York.
During that time he was a messenger in that department of the city
government, receiving a salary of $1,500 a year. He claims that the
affidavits were sworn to before him before office hours, and that he is
entitled to the statutory fee of 12 cents for administering each oath
and certifying each affidavit, and he brought this action to recover the
same from the city. The city denied his right to the relief asked, and
alleged affirmatively, among other things, that the services rendered
were a part of his regular duties, and that the same were rendered vol-
untarily and without any agreement between him and the city for any
compensation over and above his regular salary. The city had a ver-
dict in its favor, and from the judgment entered thereon, and an
order denying a motion for a new trial, plaintiff appeals.

On a former trial a verdict was directed in favor of the defendant,
which was affirmed by this court (Morgan v. City of New York, 115
App. Div. 893, 101 N. Y. Supp. 1135); but the order of affirmance
and the judgment of the trial court were reversed by the Court of
Appeals, and a new trial ordered (190 N. Y. 237, 82 N. E. 1089), the
court holding that the plaintiff was entitled to recover for the services
rendered by him as a commissioner of deeds in administering the

oaths and certifying the same, unless such services were performed with the understanding that they should be part of his duty as a messenger in the department, for which he received a salary. The testimony on the part of the plaintiff, and no evidence was offered on the part of the defendant, tends to show that the plaintiff claimed, during all of the time that the services were rendered, that he was entitled to compensation. He kept a written memorandum of the time and the title of each case in which he had administered an oath and certified the same. He stated to Class, who was the chief clerk in the bureau of buildings, on several occasions, that he claimed that he was entitled to compensation. It also appeared that Wallace, the commissioner of buildings during a part of the time when the services were rendered, knew that plaintiff claimed compensation outside of his salary for taking and certifying the affidavits. The plaintiff stated to the commissioner that he had a claim for such services, and asked him if he had any objection thereto, and the commissioner replied: "If he was entitled to it, he ought to get it." Stewart, Wallace's successor during the balance of the time, testified that he never directed the plaintiff to take the affidavits without compensation, and he knew that for rendering the services in question the plaintiff claimed compensation.

This was the situation down to the 6th of November, 1903, when the finance department of the city called the attention of the superintendent of buildings to the matter, and then the plaintiff was required to sign a stipulation that thereafter the affidavits would be taken without compensation. All of the services for which a claim is here made were rendered prior to such stipulation. For the services rendered by the plaintiff as commissioner of deeds the law implied an obligation to pay, unless the services were rendered gratuitously, or as a part of the plaintiff's regular duties, and without expectation of compensation therefor. If they were rendered gratuitously, or without expectation of compensation, the burden was upon defendant to prove it. That was a matter of defense. Plaintiff made out his cause of action when he showed that the services were rendered outside of the time when he was required to render services under his official position, and that he had not been paid. It seems to me, therefore, that the court erred in not directing a verdict for the plaintiff. There was no dispute of fact. Plaintiff's office hours were from 9 o'clock in the morning until 4 o'clock in the afternoon, and all of the services for which a claim is here made were rendered outside of office hours. There is no evidence tending to show that the services were rendered gratuitously, or that the plaintiff did not expect to be paid therefor; on the contrary, the evidence is all the other way.

I also think that the court erred in charging the jury that the burden was upon the plaintiff to show that the services were not a part of his duty, and that he expected to be paid. The burden was upon the city to show such facts.

The verdict of the jury, therefore, is clearly against the weight of evidence, and for that reason the judgment and order are reversed, and a new trial ordered, with costs to appellant to abide event. All concur.