JOSEPH BOOKMAN, Appellant, *v.* CITY OF NEW YORK, Respondent.

**Officers — administration of an oath — commissioner of deeds cannot recover for services in taking affidavits when he did not administer the oath in compliance with the statute — when municipality not required to pay for oaths administered to city official.**

Whatever the form adopted in administering an oath it must be in the presence of an officer authorized to administer it, and it must be an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath.

A commissioner of deeds in the city of New York on trial of an action to recover against the city for services in taking affidavits at its request, testified in reply to the question, "Did each and every one of the affiants, whose names are set forth in the bill of particulars, appear before you in person on the respective days set forth or set opposite their names and swear to the truth of the contents of the affidavits subscribed by them?" "I don't have them coming in to me and raising

their hands; no, sir; they go and sign them, and I say is that true, and they go right out." *Held,* that he did not perform his duties as commissioner of deeds by administering oaths according to the requirements of the statute so as to entitle him to the fee prescribed therefor.

The city by virtue of the statute is bound as by a contract to pay an officer for legitimate expenditures made by him; but no statutory or contractual relation exists between the city and the commissioner of deeds, upon which an action can be founded for administering oaths to a city officer. His remedy is against the person who procured the service rendered, and if it is by a public officer it should be demanded at the time the service is rendered, or within such time thereafter as would enable the officer, in the presentation of his claim for audit, to include the same and be reimbursed.

*Bookman* v. *City of New York,* 133 App. Div. 242, affirmed.

(Argued October 25, 1910; decided November 22, 1910.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 10, 1909, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Bruce R. Duncan* for appellant. The plaintiff is entitled to compensation by operation of law and independent of any request for his services. (*Merzbach* v. *Mayor, etc.,* 163 N. Y. 16; *Morgan* v. *City of New York,* 190 N. Y. 237.)

*Archibald R. Watson, Corporation Counsel* (*James D. Bell* of counsel), for respondent. There was a complete failure of proof of the allegations of the complaint charging the defendant with liability; the nonsuit at Trial Term was, therefore, properly granted, and the judgment entered thereon properly affirmed by the Appellate Division. (*Benjamin* v. *City of New York,* 77 App. Div. 62; *McCabe* v. *City of New York,* 77 App. Div. 637; 176 N. Y. 587.)

HAIGHT, J.   The plaintiff in his complaint alleges that he was a commissioner of deeds for the city of New York, and as such, between the first day of January, 1902, and the 30th day of June, 1907, both inclusive, he, at the request of the defendant, took eleven thousand seven hundred affidavits as such commissioner of deeds, for which he demands payment at the rate of twelve cents for each affidavit taken.   The answer was a general denial.   Upon the trial the plaintiff was sworn as a witness in his own behalf, and gave evidence tending to show that he was a clerk in the office of the commissioner of jurors in the county of Kings, receiving a salary of $1,500 per year; that the duties which he performed were the opening and closing of the office, writing notices and sending them out for services, the picking out of jurors and sending them to the commissioner to be sworn and examined, and the performance of such other duties as he was asked to perform pertaining to the office.   He also gave evidence tending to show that he took the affidavit of the commissioner to the jury list that was filed in the office of the clerk, and also the affidavit of the jury servers as to the mode and manner upon which they made services upon the jurors drawn. In answer to the question of the corporation counsel, "Did each and every one of the affiants, whose names are set forth in the bill of particulars, appear before you in person on the respective days set forth or set opposite their names and swear to the truth of the contents of the affidavits subscribed by them?" he answered, "I don't have them coming in to me and raising their hands; no, sir; they go and sign them, and I say is that true, and they go right out."   Is this a performance of his duties as commissioner of deeds according to the requirements of the statute which entitles him to the fee prescribed therefor?   It will be observed that the affiant says nothing, and the only thing that the plaintiff says is, "Is that true?"

Section 845 of the Code of Civil Procedure provides: 'Except as otherwise specially prescribed in this article, when an oath is administered, the witness shall lay his hand on the gospels and express assent to the oath, and it shall be

according to the present practice except that the witness need not kiss the gospels." "The present practice," which has existed from a time whereof the memory of man runneth not to the contrary, is to the effect that you do solemnly swear that the contents of this affidavit subscribed by you is correct and true.

Section 846 provides that "The oath must be administered in the following form, to a person who so desires, the laying of the hand upon the gospels being omitted : ' You do swear, in the presence of the ever-living God.' While so swearing, he may or may not hold up his hand, at his option."

Section 847 provides that " A solemn declaration or affirmation, in the following form, must be administered to a person who declares that he has conscientious scruples against taking an oath, or swearing in any form : 'You do solemnly, sincerely, and truly, declare and affirm.' "

Other forms are permitted to be adopted by other provisions of the Code where the court or officer is satisfied that the same would be more solemn or obligatory, or in accord with the religious views of the affiant. It is, therefore, apparent that some form of an oath or affirmation is essential, by or in the presence of the officer, by which the affiant's conscience becomes bound with an oath. To those entertaining religious convictions, who believe in Christianity, the statute contemplates that they should take their oath with their hand resting upon the gospels, or that they should swear in the presence of the ever-living God. To those entertaining other religious views, the court or officer may adopt such a ceremony as they recognize as binding upon their consciences ; and if a person entertains no religious belief, or thinks it wrong to take an oath, he may be permitted to solemnly declare and affirm. Whatever the form adopted, it must be in the presence of an officer authorized to administer it, and it must be an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath. (*People ex rel. Kenyon* v. *Sutherland*, 81 N. Y. 1, 8 ; *O'Reilly* v. *People*, 86 N. Y. 154, 158, 161.)

Whether or not the persons alleged to have been sworn by the plaintiff could be charged with perjury is not now before us for determination. The question now is, has the plaintiff performed his duties as commissioner of deeds by administering oaths in accordance with the spirit and intent of the statute so as to entitle him to the fee allowed therefor. We are aware that in the transaction of official business in our great governmental and municipal offices there has prevailed a tendency to disregard form and ceremony. But this should not be allowed to the extent of doing away with the statute, especially in so far as it pertains to the administering of an oath upon which the crime of perjury may be based. We consequently entertain the view that the plaintiff has failed to show that he has earned the fees for which he sues. We do not intend, however, to rest the determination of his case upon that ground alone.

The affidavits for which the plaintiff seeks to recover pay were taken by him in the office of the commissioner of jurors in the county of Kings, in which he was a clerk. He says the commissioner instructed him to take them. After the expiration of six years he presented a claim to the comptroller of the city for payment, and after the expiration of thirty days he brings this action against the city. The fee allowed a commissioner of deeds or notary public for the administering of an oath is primarily charged against the person asking to have the oath taken, and may be demanded by the officer before he renders his service. (Code Civ. Proc. § 3281.) Where an officer is required, in the course of a duty imposed upon him by law, to take an oath, to be filed or recorded or to be transmitted to another officer, he is entitled to the fees necessarily paid by him to the officer who administered the oath. (Code Civ. Proc. § 3291.) We thus have an express provision of the statute giving the right of reimbursement to the officer who has paid the fee for the oath taken. If, therefore, the plaintiff administered the oath to the commissioner of jurors, or to those who served notices upon persons drawn as jurors, by direction of the commissioner, he should call upon the

commissioner for the payment of his fees, and then the commissioner upon such payment would have the right to be reimbursed for the amount so paid.

It may be urged that inasmuch as the city is liable for the fees, an action should be permitted to be maintained against the city therefor by the person who earned the fees. We think not. Every municipal government has regulations for auditing of the accounts of its departmental officers at stated periods, at which all payments for fees and expenses can be carefully scrutinized. The fees of commissioners of deeds for the administering of oaths being a legitimate expenditure of the office, it is one of the items that the officer may properly have audited and allowed to him. The city by virtue of the statute is bound as by a contract to pay him therefor; but no such statutory or contractual relation exists between the city and the commissioner of deeds upon which an action can be founded. To hold otherwise would open the door for the bringing of actions against the city by the thousands of notaries public and commissioners of deeds residing in the city of New York for the recovery of fees for the administering of an oath to a city officer or employee who did not at the time pay therefor for a period of six years after the services were rendered. Such a ruling would seriously embarrass the management of the city government, involve it in needless litigation and expense, and deprive it of a reasonable opportunity to audit and allow the fees at or about the time they were earned. The better rule, we think, is to adhere to the remedy referred to in the provisions of the Code to which we have alluded. The commissioner of deeds' remedy is against the person who procured the service rendered, and if it is by a public officer it should be demanded at the time the service is rendered, or within such time thereafter as would enable the officer, in the presentation of his claim for audit, to include the same and be reimbursed. These provisions of the Code were not called to our attention or considered by us when we had under review the case of *Merzbach* v. *Mayor, etc., of N. Y.* (163 N. Y. 16), or the case of *Morgan* v. *City of New York*

(190 N. Y. 237).　And in so far as they are in conflict with the views herein expressed, they should be deemed modified.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur; VANN, J., concurs on ground first stated in opinion.

Judgment affirmed.