## MORGAN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

MUNICIPAL CORPORATIONS (§ 258*)—FEES OF NOTARY PUBLIC OR COMMISSIONER OF DEEDS—LIABILITY.

 The city of New York is not liable for the official fees of a notary public or commissioner of deeds verifying affidavits at the request of a city or county official, but the remedy of the notary or commissioner is against the person procuring the service, and the fee must be demanded of the officer at the time of the rendition of the service, or within such time thereafter as will enable the officer in the presentation of his claim for audit, to include the same and be reimbursed.

 [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 258.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by George Morgan against the City of New York. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Clarence L. Barber, for appellant.

Alfred J. Tally, for respondent.

INGRAHAM, P. J. This action has been twice before this court, once, on an appeal from a judgment for the defendant, which was affirmed by this court (115 App. Div. 893, 101 N. Y. Supp. 1135), but reversed by the Court of Appeals (190 N. Y. 237, 82 N. E. 1089). The second time on an appeal from a judgment entered upon the verdict of the jury in favor of the defendant, when the judgment was reversed and a new trial ordered (137 App. Div. 194, 121 N. Y. Supp. 976). Upon the new trial then ordered, the court directed a verdict for the plaintiff for the full amount claimed, and from the judgment entered thereon the defendant appeals.

Since this case was argued our attention has been called to a decision of the Court of Appeals (Bookman v. City of New York, 93 N. E. 190), decided November 22, 1910, in which the court held that there was no cause of action against the city of New York for the official fees of a notary public or commissioner of deeds verifying affidavits at the request of a city or county official; that the fees were due from the person to whom the notary public administered the oath, but no statutory or contractual relation existed between the city and the officers administering the oath upon which an action can be founded; that the "commissioner of deeds' remedy is against the person who procured the service rendered, and, if it is by a public officer, it should be demanded at the time the service is rendered, or within such time thereafter as would enable the officer, in the presentation of his claim for audit, to include the same and be reimbursed." And the case of Merzbach v. Mayor, 163 N. Y. 16, 57 N. E. 96, and the decision of the Court of Appeals in this case (190 N. Y. 237, 82 N. E. 1089), were modified in accordance with the view then expressed. Counsel for the plaintiff seeks to distinguish the Bookman Case from the case at bar; but the determination of the Court of Appeals that no cause of action exists against the defendant for these fees is as applicable to this case as to the Bookman Case. The defendant excepted to the direction of a verdict for the plaintiff, and, applying the decision in the Bookman Case, that exception was well taken.

The Court of Appeals having now determined that the plaintiff is not entitled to judgment against the city, the judgment must be reversed, but without costs, and the complaint dismissed. All concur.