Archibald C. Wemple, J.
Upon this appeal the defendant sets up in his affidavit of errors and argues certain grounds of error upon which the appeal is predicated. None of the alleged errors appear to this reviewing court to have merit or justify the setting aside of the verdict herein except point I. This is the defendant’s contention that the trial court was without jurisdiction due to the fact that the uniform traffic complaint filed herein was unsworn. The defendant argues that therefore the said trial court was without jurisdiction to render a judgment herein. In this case there was a trial in which the testimony discloses that the arresting officer did not formally swear to the truth of the complaint or take an oath before a proper officer charging this defendant with a traffic infraction. There appears to have been a signature in the presence of the officer but without a word of swearing to the truth of the complaint.
Section 147-e of the Code of Criminal Procedure sets forth the form for a simplified traffic infraction. There is a jurat included — “Sworn to” etc.— and place for signature of the peace officer and also for the officer taking the oath. Section 208 of the Vehicle and Traffic Law specifically provides for verifiation of complaints and prescribes the persons before whom the “ necessary oath ” is to be taken “ in connection with the execution of the complaint to be presented in court by such police officer * # * in the prosecution of such offense ”.
CPLR 2309 (subd. [b]) defines-an oath. “Oath * * * shall be administered in a form calculated to awaken the conscience and impress the mind of the person taking it in accordance with his religious or ethical beliefs.” In Bookman v. City of New York (200 N. Y. 53, 56) the court said, “ It is, therefore, apparent that some form of an oath or affirmation is essential, by or in the presence of the officer, by which the affiant’s conscience becomes bound with an oath ’ ’. This case, by inference at least, holds that the signing alone before an officer is insufficient to constitute the taking of an oath. In O’Reilly v. People (86 N. Y. 154) it is indicated that there must be an unequivocal act of assent to tell the truth.
In the instant case the officer signed in the presence of the Justice of the Peace but the minutes do not indicate any actual swearing by or before the officer. It does not seem too much to expect that, in the execution of uniform traffic complaints, the officer make a brief but purposeful assertion of truth by simply saying ‘ ‘ I swear ’ ’ or answering in the affirmative to the officer asking “ Do you swear ”.
For the above reason the judgment of conviction is reversed and the notation of conviction expunged and the fine remitted.