OPINION OF THE COURT
Harry E. Seidell, J.
The defendant, at his request, testified before the Grand Jury on November 9, 1978.
Prior to entering the Grand Jury room the defendant executed a waiver of immunity which was witnessed by his attorney. The execution of the waiver outside of the Grand Jury room was at the defendant’s request and for his convenience.
The defendant and his attorney were admitted to the Grand Jury room. Before being sworn, defendant was examined in detail concerning his understanding of the waiver and his willingness to testify without immunity. He stated that his attorney had read the waiver to him and explained its contents, that by signing it he waived immunity, that he knew the proceedings were entitled "The People against Francis E. Ellwanger” and that he was the target of the investigation. Understanding all of this, the defendant wished to testify without immunity. The waiver was reread to him by the Assistant District Attorney after which, in response to a question, the defendant stated:
(Excerpt from Grand Jury minutes):
"It means anything I say can be held and used against me in court.”
The. following then took place:
"mr. o’rourke: Mr. Foreman I would ask that you ask the witness if that is his signature and indicate that the document was signed on this date and sworn?
"mr. foreman: Is this your signature sir?
"witness: Yes sir.
"mr. o’rourke: You signed that document, is that correct?
"witness: Yes sir.
"Q Mr. Ellwanger you understand you have waived immunity before this Grand Jury?
"A Yes.
"Q Still you wish to testify?
"A Yes sir.”
*809 Whereupon the defendant was sworn and fully testified. After completing his testimony the defendant was recalled by the Grand Jury and the following questions and answers are reflected in the Grand Jury minutes:
"mr. o’rourke: Would you remind the witness he is still under oath.
"foreman: You are still under oath.
"mr. o’rourke: You understand that you are still under a Waiver of Immunity?
"A Yes Sir.
"Q What does that mean to you?
"A It means anything I say can be held against me.
"mr. o’rourke: And the record should reflect Mr. Murphy attorney of record for Mr. Ellwanger is present at this time.”
The defendant is now represented by other counsel and claims the indictment should be dismissed on the grounds that he received transactional immunity while testifying before this Grand Jury in that the waiver of immunity he signed was never effective pursuant to CPL 190.45 (subd 2) which states: "A waiver of immunity is not effective unless and until it is sworn to before the grand jury conducting the proceeding in which the subscriber has been called as a witness.”
It is apparent from a reading of the transcript and papers submitted that the defendant did not formally swear to a waiver of immunity before the Grand Jury at the commencement of his testimony. His unsworn statement herein above set forth at best is an unsworn acknowledgment to the Grand Jury that he had, in fact, signed and sworn to the waiver. He later, in sworn testimony, reaffirmed his waiver of immunity.
The court notes that the defendant herein was the target of the Grand Jury investigation and appeared before the Grand Jury with his attorney present.
The right of a prospective defendant, the target of a Grand Jury investigation, to appear and give testimony before the Grand Jury is conditioned upon his waiver of immunity (CPL 190.50, subd 5, par [b]). The right of any witness to have his attorney with him while testifying before the Grand Jury is also conditioned upon the witness’ waiver of immunity (CPL 190.52, subd 1). The waiver of immunity which was signed by and read to the defendant contained the following language: "No. 4. I will not be permitted to appear, be sworn and give *810 testimony before this Grand Jury unless I have waived immunity by executing this Waiver of Immunity.”
The court finds as follows: The defendant was the target of this Grand Jury investigation, he testified before the Grand Jury and during the course of his testimony had his attorney present with him. He executed the waiver of immunity and understood that he had waived his immunity. The defendant’s rights were scrupulously observed. He was not misled in any way, it was his desire to testify and his intention to waive immunity. The People, on the other hand, intended to permit his testimony only after he had waived immunity and the statutory scheme is to require a waiver of immunity for the right to testify before a Grand Jury and to have an attorney present while so testifying. Moreover, all parties to this matter understood and believed that immunity from prosecution had been validly waived.
Therefore, under the circumstances of this case the court holds that the unsworn acknowledgment by the defendant to the Grand Jury that he had executed the waiver of immunity, coupled with his later ratification of waiver of immunity to the Grand Jury while under oath, satisfies the requirements of CPL 190.45.
The motion to dismiss on this ground is denied.
The defendant further moves to dismiss the indictment on the grounds that the legal instructions given to the Grand Jury were inadequate and/or defective. The People have consented to an in camera review of the Grand Jury minutes. Accordingly, the court grants the defendant’s motion to the extent that the court has examined the transcript of the Grand Jury proceedings (Matter of Miranda v Isseks, 41 AD2d 176). In order to determine this motion the court has read the entire transcript of the Grand Jury and finds that the evidence presented to the Grand Jury is sufficient to sustain the indictment and, further, that the instructions given were legally sufficient and proper.
The defendant further moves to dismiss the indictment upon the ground that the number of Grand Jurors who heard the evidence presented were insufficient to vote the indictment and did not hear all essential evidence. CPL 190.25 (subd 1) provides as follows: "Proceedings of a grand jury are not valid unless at least sixteen of its members are present. The finding of an indictment, a direction to file a prosecutor’s information, a decision to submit a grand jury report and *811 every other affirmative official action or decision requires the concurrence of at least twelve members thereof.”
The Court of Appeals has held that the Grand Jury is privileged to return an indictment where at least 12 of the Grand Jurors who voted to indict heard all essential and critical evidence presented (People v Brinkmah, 309 NY 974; People v Colebut, 86 Misc 2d 729).
The defendant in his moving papers states that although he cannot state with any degree of accuracy the fact that a quorum was not met or that a sufficient number of jurors to indict did not hear all of the essential and critical evidence, it appears from the defendant’s knowledge that the Grand Jury met on at least two occasions. Grand Jury proceedings are secret (CPL 195.25, subd 4). The defendant has no personal knowledge of the day-to-day workings of the Grand Jury, the information regarding quorum and the identity of the person sitting is not available to him. The People in their answering •papers fail to allege that there was, in fact, a quorum and/or that at least 12 grand jurors who voted to indict heard all essential and critical evidence.
The court’s review of the Grand Jury minutes shows that this presentation took place on five different dates over a period of nine days. The defendant’s motion is, therefore, granted to the extent that the District Attorney is directed to supply to the court the Grand Jury attendance sheets and the secretary’s minute book concerning this indictment within 30 days of the date, hereof, after which time the court will make a further order with respect to this motion.
The defendant’s final motion is to dismiss the indictment on the grounds that the Grand Jury received incompetent and inadmissible evidence contrary to CPLR 4502 (subd [b]) so as to impair the integrity of the Grand Jury. The uncontradicted sworn allegations of fact contained in the People’s answering papers clearly show that the defendant, with the advice of counsel, knowingly and intelligently waived the privilege which may have existed under CPLR 4502 (subd [b]). Accordingly, this portion of the motion is denied.