OPINION OF THE COURT
John S. Lockman, J.
Motion by defendant Walter Blonder for an order pursuant to CPLR 5015 (subd [a], par 3) vacating the judgment entered against him in the above-entitled matter upon his confession of judgment (CPLR 3218) is granted.
In 1981, B.I.G. Flooring Co., of which Walter Blonder was president and 50% shareholder, was indebted to William K. Fleigel in an amount in excess of $96,000. Mr. Blonder reached an agreement with Mr. Fleigel pursuant to which Mr. Blonder executed the confession of judgment out of which this action arises and agreed that the outstanding indebtedness would be paid by assignment of $20,000 worth of notes, $5,000 in notes from B.I.G. Flooring Co., and $5,000 per month with interest at the rate of 10%. Mr. Blonder alleges that the $20,000 in notes were transferred and duly paid by the debtor, but that there was a default as to all other obligations.
By letter, dated September 21,1981, Mr. Fleigel’s attorney forwarded copies of a confession of judgment and instructed Mr. Blonder: “Kindly sign where indicated by your name and return all the signed copies to this office in the self-addressed, stamped envelope enclosed for your *503 convenience. Retain one copy for. your own records.” Mr. Blender’s copy bears his signature and is purportedly notarized by Mr. Fleigel’s attorney on September 14, 1981. It lists New York County as the venue, the situs of the affidavit confessing judgment and the county in which judgment may be entered. It gives the judgment debtor’s county of residence as Queens. The section for inclusion of a corporate office is blank.
In June of 1983, Mr. Blonder learned that there was outstanding against him a judgment entered upon a confession of judgment in the amount of $96,413.62 in favor of Mr. Fleigel. The affidavit supporting the judgment bore his signature notarized by Mr. Fleigel’s attorney on September 14, 1981, and was identical to the copy he had retained except that the venue, situs of the affidavit and place for entry of judgment had been all altered to reflect Nassau County. His address was expanded to include “South Farmingdale, N.Y.” and its location was changed from “Queens” to “Nassau”. The corporate office blank was crossed out and the following added: “The sole partner of B.I.G. Flooring Co.” Mr. Fleigel’s attorney avers: “When Mr. Blonder read over the affidavit he failed to bring to my attention the fact that Queens County was erroneously inserted as the County where he resides, and in the Caption of the Judgment, New York County was erroneously inserted, both these mistakes were corrected and I personally discussed this with Mr. Blonder prior to making the changes; neither changes effect [sic] the legality and intention of the Confession.” In this regard Professor Siegel in his Practice Commentaries has written: “Should it turn out that the debtor is a resident of X county in New York but the affidavit nonetheless authorizes entry in Y county, the defect should not be regarded as innocent” (McKinney’s Cons Laws of NY, Book 7B, CPLR C3218:8, p 1040; emphasis added). With respect to the alteration identifying Mr. Blonder as the sole partner of B.I.G. Flooring, the attorney states: “Prior to my filing the Confession of Judgment on July 22, 1982 I sent Mr. Blonder a copy of the original judgment and asked him if he was the sole partner or owner of B.I.G. Flooring Co., he stated he was and I told him I was inserting this notation in the Confession of *504 Judgment.” In Bookman v City of New York (200 NY 53, 56) the Court of Appeals held: “Whatever the form [of oath] adopted, it must be in the presence of an officer authorized to administer it, and it must be an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath.” The affidavit confessing judgment made out of the notary’s presence and subsequently altered is clearly insufficient to support the judgment. (See, generally, 1 NY Jur 2d, Acknowledgments, § 46.)