■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TEDDYE GOLDSON and ANDRE JONES, Respondents.—Order unanimously affirmed. Memorandum: The People appeal from an order of County Court which granted defendants' motions to vacate their guilty pleas and dismiss the indictment against them pursuant to CPL 210.20 (1) (d) on the ground that, prior to testifying before the Grand Jury, defendants did not effectively waive immunity pursuant to CPL 190.40 and 190.45 (2). The People contend that defendants waived immunity by executing and acknowledging their waiver before the Grand Jury and that, in any case, they waived their right to challenge the indictment on that ground by not moving to dismiss until after pleading guilty.

Defendants did not effectively waive immunity. CPL 190.45 (2) provides, "A waiver of immunity is not effective unless and until it is sworn to before the grand jury conducting the proceeding in which the subscriber has been called as a witness." The waivers were executed by defendants prior to their being placed under oath and defendants were not questioned about their waivers after being sworn (see, People v Higley, 70 NY2d 624, 626; People v Martin, 142 AD2d 972, lv denied 72 NY2d 959).

We reject the People's contention that the court had no power to vacate the guilty plea and consider defendants' immunity claim. That contention is contravened by CPL 220.60 (3), which provides that the court in its discretion may permit a defendant to withdraw his guilty plea at any time before the imposition of sentence. Moreover, the People's argument ignores language in CPL 210.20 (2) to the effect that dismissal motions other than speedy trial motions may be made subsequent to entry of a plea of guilty. Although the court was not bound to permit defendants to withdraw their guilty pleas based on their claim of immunity, it was empowered to do so. Moreover, once the court exercised its discretion to permit defendants to withdraw their guilty pleas, those pleas could not furnish a basis for finding that defendants had waived their immunity claims. Thus, the court had discretion to entertain defendants' motion to dismiss the indictment on immunity grounds, notwithstanding defendants' guilty pleas (CPL 210.20 [2]) at any time before sentence (CPL 1.20 [15]; 255.20 [1], [3]). (Appeal from order of Erie County Court, Dillon, J.—dismiss indictment.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.