**John D. GREGG, Appellant,**

v.

**Linda L. GREGG, n/k/a Linda L. Lewis, Appellee.**

**No. S–2675.**

Supreme Court of Alaska.

June 30, 1989.

Karl Fulton Lehr, Karl Fulton Lehr, P.C., Anchorage, for appellant.

No appearance for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

MOORE, Justice.

This appeal presents three questions arising under former Alaska Rule of Civil Procedure 99. The first is whether former Civil Rule 99 permitted a superior court judge to administer an oath to a witness appearing by telephone. The second is whether the telephone oath is valid when

---

**21.** We have reviewed Barber's argument regarding his due process claim and have concluded that it is lacking in merit.

the witness is not physically present in the state. The third is whether the superior court may accept telephonic testimony over the objection of a party.

## I.

John Gregg ("Gregg") and Linda Lewis ("Lewis")[1] were married in Arizona in January 1980. Gregg and Lewis had no children, but Lewis had three children from prior relationships. Gregg and Lewis moved to Kotzebue, Alaska in September 1980. In June 1985 Lewis left Alaska with her children.

In August 1986 Gregg filed a complaint for divorce in the Anchorage Superior Court.[2] Lewis was served at her Canoga Park, California residence.

A bench trial was scheduled for January 20, 1988. Gregg and Lewis had divided almost all their marital property and debts. The only questions for the court were (1) whether Gregg's conduct during the marriage justified requiring him to provide medical insurance coverage for Lewis and her children and (2) whether and how to divide any remaining marital property. Although Gregg was present, Lewis appeared telephonically because she did not receive notice of the trial date sufficient to permit her to travel from California to Alaska.[3]

Despite the lack of notice, Lewis was prepared to proceed. Gregg indicated his willingness to participate in non-dispositive, non-evidentiary proceedings. Gregg was also willing to allow Lewis to testify on dispositive matters as long as she did not testify about Gregg's alleged sexual abuse of Lewis' children. When the court had administered the witness oath to Lewis,

Gregg objected on the grounds that the court had no authority to administer an oath over the telephone to a person who was not physically present in the state. The court overruled Gregg's objection, concluding that it could relax the technical requirements of Civil Rule 99 in the interests of justice.[4]

Judge Michalski rendered a decree of divorce in February 1988. The decree required Gregg to pay a maximum of $200 per month for one year to provide medical coverage for Lewis and her children under Gregg's group medical insurance program.[5]

Gregg appeals. He argues that the court erred in permitting Lewis to testify at trial over Gregg's objection. Gregg reasons that since her testimony was inadmissible, there is no evidentiary basis for the medical coverage requirement. Gregg asks that the court strike the medical coverage provision and affirm the decree as modified.

## II.

The issues on appeal all present questions of law, reviewable under this court's independent judgment. We will "adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

## III.

Gregg argues that a witness must take the oath in the presence of an officer who is authorized to administer oaths; thus, Lewis' physical absence from the court-

1. Linda Lewis was formerly known as Linda Gregg.

2. Gregg has since moved to Arizona.

3. Lewis moved from Canoga Park to Quartz Hill, California in July 1987. In November 1987, notice of the trial date was sent to the Canoga Park address, but Lewis did not receive it. She claimed that she learned of the January 20 trial date on January 19.

4. Alaska R.Civ.P. 94 provides:
   These rules are designed to facilitate business and advance justice. They may be re-laxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

5. In its findings of fact and conclusions of law, the superior court also stated that Gregg should reimburse his former stepson's trust $4,000, which Lewis, as trustee, removed from the trust to purchase marital property. This ruling was not incorporated into the decree of divorce, but Lewis did not appeal.

room rendered the oath administered by Judge Michalski invalid.[6]

Civil Rule 99 authorizes parties and witnesses to participate in civil proceedings over the telephone.[7] Prior to testifying, a witness must swear or affirm that she will testify truthfully.[8] Violation of the oath constitutes the crime of perjury. AS 11.-56.200.

■ The question before us is whether the judge may administer the requisite oath over the telephone. We hold that he or she may.

When delay in obtaining a search warrant might result in the destruction of evidence, a judicial officer may issue a search warrant based on sworn testimony communicated over the telephone. AS 12.35.-010(b), AS 12.35.015(a); Alaska R.Crim.P. 38.1(b). The judge is expressly authorized by statute to administer the oath over the telephone to each person who testifies regarding issuance of the warrant. AS 12.-35.015(b). Gregg argues that the Uniform Recognition of Acknowledgments Act, AS 09.63.050–.130, requires that a person taking an oath be physically present before the person administering it. However, we do not believe that this Act is at all relevant to the judicial administration of an oath to a witness. This court is constitutionally vested with the authority to "make and promulgate rules governing the administration of all courts." Alaska Constitution, Art. IV, § 15; *Thomas v. State*, 566 P.2d 630 (Alaska 1977). The administration of the witness oath is within the scope of this authority.

Gregg also relies upon a line of cases invalidating oaths administered by notaries public over the telephone. *See Bookman v. City of New York*, 200 N.Y. 53, 93 N.E. 190, 191 (1910); *see also Carnes v. Carnes*, 138 Ga. 1, 74 S.E. 785, 788 (1912); *In re Napolis*, 169 A.D. 469, 155 N.Y.S. 416 (1915); *United Serv. Automobile Ass'n v. Ratterree*, 512 S.W.2d 30, 32–33 (Tex.Civ. App.1974); *Sullivan v. First Nat'l Bank*, 83 S.W. 421, 421–23 (Tex.Civ.App.1904); 58 Am.Jur.2d *Oath and Affirmation* § 12 (1971); Annotation, *Acknowledgment or Oath Over Telephone*, 12 A.L.R. 538 (1921), 58 A.L.R. 604 (1929).

However, each of these cases was decided on the basis of a statute requiring the personal appearance of the oath taker. Having already concluded that the Uniform Recognition of Acknowledgments Act does not apply to the administration of an oath to a witness at trial, we do not believe that these decisions are relevant to the instant case.

Alaska's vast internal distances and extreme weather often render travel very expensive. The use of the telephone has thus become an attractive alternative in some circumstances. Civil Rule 99 does not expressly require that the witness personally appear before the person administering the oath. Given that the rule was intended to

---

**6.** Gregg does not allege that the person testifying telephonically was not in fact Linda Lewis or that she took the oath under duress or in a fraudulent manner.

**7.** On the date of trial Civil Rule 99 stated in full:

    (a) *Authorization for Telephonic Participation.*

    (1) Upon stipulation of all counsel, the court may conduct any hearing by telephone conference with telephonic participation by one or more of the parties, counsel, witnesses or the judge.

    (2) Without stipulation of the parties, the court may conduct non-dispositive or non-evidentiary proceedings with telephonic participation by one or more of the parties, counsel, or the judge.

    (3) Upon request, any party or counsel may be allowed to participate telephonically in the argument of dispositive matters or in the examination of witnesses physically present before the court.

    (4) In any proceeding in which the court is authorized to proceed ex parte, the court may contact the non-appearing party or counsel by telephone and in the interest of justice receive evidence or argument without stipulation of the parties.

    (5) The court may in the interest of justice for good cause shown order that depositions be taken telephonically.

**8.** Alaska R. of Evid. 603 provides:

    Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so.

facilitate judicial proceedings, we hold that the rule authorizes a judge to administer the oath over the telephone from the courtroom.

### IV.

██ Gregg argues that, even if the court may administer an oath over the telephone, the Uniform Recognition of Acknowledgments Act requires the oath taker to be physically present in the state.

It is clear that the judicial power of the State of Alaska is not entirely defined by its geographic boundaries. For example, Alaska applies its criminal laws to acts conducted entirely out of the state where the harm occasioned by those acts occurs here. *Wheat v. State,* 734 P.2d 1007, 1008 (Alaska App.1987) (custodial interference); *see also* AS 12.05.010 (Alaska may punish defendant for crime commenced outside state but consummated inside).[9] Moreover, Alaska exercises personal jurisdiction over non-resident defendants "to the maximum extent permitted by due process." *Jonz v. Garrett/Airesearch Corp.,* 490 P.2d 1197, 1199 (Alaska 1971); AS 09.05.015.

We are not persuaded that a state's boundaries are the correct measure of a judge's ability to administer a valid telephonic oath. Alaska's recognition of the validity of telephonic oaths is not premised upon the witness' physical location, but rather on the witness' constructive presence in the courtroom and ability to provide testimony. One testifying telephonically is physically absent from the courtroom to the same extent whether across the street or on the far side of the globe. Alaska's interests thus dictate that its judicial officers be able to telephonically administer a valid oath to a witness located anywhere in the world, provided she is constructively present in the courtroom via the telephone.

### V.

██ Gregg argues that even if the oath was valid, Judge Michalski erred in permitting Lewis to testify over his objection. The standard of review is whether the trial court abused its discretion when relaxing the requirements of former Rule 99(a) [10] by the application of Civil Rule 94.[11] *Merrill v. Faltin,* 430 P.2d 913, 918 (Alaska 1967).

Former Rule 99(a) required the "stipulation of all counsel" for telephonic participation of a witness in a dispositive hearing. This trial was such a dispositive hearing and Lewis was a material witness. Initially, the trial proceeded without any objection or reservation by Gregg to Lewis' telephonic participation. In Gregg's opening statement he indicated that the marriage was in default, that there were no issues involving any children, that the property had been divided, and that there clearly was incompatibility of temperament. Lewis' opening statement agreed with Gregg except that she insisted that the incompatibility of temperament was due to Gregg's drinking and sexual assault of her daughter. Gregg's counsel did not object but simply replied that if Lewis wanted to testify on the matter of sexual assault, then pursuant to Civil Rule 99 he wanted Lewis physically present in the courtroom for this purpose.

██ Gregg then proceeded with his direct testimony in support of his request for entry of a divorce decree. The trial court decided that Lewis should be allowed to testify telephonically. The partial designation of the record of the trial proceedings, which was limited due to Gregg's request, contains nothing further regarding the sexual assault allegation. Thus, on the appellate record before us, as designated by Gregg, we find no abuse of discretion or prejudicial error by the trial court, and Gregg has failed to meet the burden of proof on this issue. *Poulin v. Zartman,*

---

**9.** Whether an out-of-state witness' telephonic testimony is viewed as an act committed in Alaska due to his or her constructive presence in Alaska or is an act commenced out of state and consummated in state, the voluntary swearing of an oath subjects one to a potential perjury conviction in Alaska. AS 12.05.010; *Wheat v. State,* 734 P.2d 1007 (Alaska App.1987).

**10.** See note 7, *supra.*

**11.** See note 4, *supra.*

542 P.2d 251, 261 (Alaska 1975); Alaska R.Civ.P. 61.

The trial court's decision is AFFIRMED.