■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MEDINA, Appellant. [602 NYS2d 611] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered March 25, 1992, convicting defendant, after a non-jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to 2½ to 5 years, unanimously affirmed.

Contrary to defendant's claim on appeal, the evidence that defendant joined in the assault of the victim and later left the scene with his codefendant is at odds with his claim of temporary innocent possession, following his disarming of his codefendant *(see, People v Snyder,* 73 NY2d 900). While the sentencing proceedings reflect that trial counsel and the court misapprehended the minimum term to which defendant could be sentenced, inasmuch as the trial court did not indicate that it intended to impose a minimum term, defendant's claim is properly the subject of a CPL article 440 proceeding. Upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490, 495), since the overwhelming "evidence is utterly

at odds with any claim of innocent possession [of the weapon]" *(People v Williams,* 50 NY2d 1043, 1045).

Also without merit is defendant's contention that Criminal Term intended to impose a lesser sentence, since review of the sentencing minutes leads unequivocally to the conclusion that Criminal Term intended to impose that sentence, which it is undisputed is in conformity with the provisions of the sentencing statute (Penal Law § 70.06 [3] [d]; [4] [b]). Concur—Murphy, P. J., Carro, Ross and Asch, JJ.