■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN HANLEY, Appellant. [642 NYS2d 22] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered June 24, 1994, convicting defendant, after a nonjury trial, of assault in the third degree, criminal possession of a weapon in the fourth degree, riot in the second degree and inciting to riot, and sentencing him to, *inter alia,* concurrent terms of 3 years of probation, unanimously affirmed.

The record reveals that the People complied with the provisions of CPL 190.45 (2). No immunity was conferred upon defendant since he verified under oath before the Grand Jury

that it was his signature on the waiver of immunity form (see, *People v Cole*, 196 AD2d 634, 636), and he also acknowledged that he was waiving immunity (see, *People v Higley*, 70 NY2d 624).

No reasonable view of the evidence before the Grand Jury or at trial supported the need for consideration of a charge of temporary innocent possession with respect to the brass knuckles which had been used by defendant's accomplice. Defendant spoke with his accomplice, then left the scene only to return a minute later with a crowd which set upon the victims, and he made no effort to turn the weapon over to the police after secreting it in his pocket (*People v Medina*, 197 AD2d 428, *lv denied* 82 NY2d 927). The trial court, as fact finder, properly considered assault in the third degree as a lesser included offense of assault in the second degree, where there was a reasonable view of the evidence that defendant intended to aid his accomplice in the assault, but may not have known, prior to the assault, that his cohort was armed with the brass knuckles or was going to use this weapon to attack the victim.

Upon our review, we find that the verdict was not against the weight of the evidence. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.