*841 OPINION OF THE COURT
Joseph E. Fahey, J.
The defendant moves to dismiss the indictment on the instant case pursuant to CPL 210.20 (1) (d) upon the ground that he has immunity from prosecution contending that the waiver of immunity acknowledged before the Grand Jury was ineffective because it was not executed under oath as required by CPL 190.45 (2).
On February 28,1997, the accused and his attorney appeared before an Onondaga County Grand Jury after first conferring with the Assistant District Attorney in an anteroom about the nature and consequences of waiving immunity. The record of these proceedings reveals that the defendant was exhaustively questioned and advised in great detail about the effect of waiving immunity in the presence of defense counsel after having been allowed to confer with defense counsel about it. During this colloquy, the following occurred:
"Q: Do you understand that by signing and swearing to the waiver of immunity you’re going to be waiving your right against self-incrimination?
"A: Yes.
"Q: Do you understand if you sign and swear to that document, the waiver of immunity, and then you go into the Grand Jury, you must answer every legal and proper question the Grand Jury puts to you?
"A: Yes.
"Q: You want to sign and swear to the Waiver of Immunity and give testimony before the Grand Jury?
"A: Yes.” (Exhibit A, at 8, 9, 10.)
Thereafter, the accused and his attorney appeared in front of the Grand Jury with the Assistant District Attorney where he was again questioned in detail about the colloquy which took place in the anteroom, the opportunity he had to confer with counsel, his privilege against self-incrimination, the effect of waiving the privilege and the fact he could not only be charged with a crime, but that his testimony could be used against him in subsequent proceedings. During this appearance, the following occurred:
"Q: Did your attorney advise you that you’d be giving up certain rights if you sign and swear to that document?
"A: Yes.
*842 "Q: Do you understand that by signing and swearing to that document, you’d be waiving your rights against self-incrimination?
"A: Yes.
"Q: Do you understand that the testimony that you give here today could be used against you if you sign and swear to that Waiver of Immunity?
"A: Yes.
"Q: Do you still wish to sign the Waiver to testify?
"A: Yes.
"Q: I’m going to ask you to do that now Mr. Hethington. (Complies.)” (Exhibit A, at 13, 14-15.)
Thereafter, the foreman of the Grand Jury and defense counsel each executed the waiver of immunity. The defendant was then given an opportunity to "take back the Waiver of Immunity” (ibid.) which he declined to do. The Assistant District Attorney then proceeded to ask the accused the following questions:
"Q: Do you understand that you may refuse at this point — if you choose to, you may refuse to swear to the contents of this Waiver?
"A: Yes.
"Q: Do you wish to swear to this document entitled the Waiver of Immunity?
"A: No.
"court: Mr. O’Donnell, do you want to confer with him?” (Exhibit A, at 16.)
Following a brief conference with his defense attorney, additional colloquy occurred, which resulted in the following exchange:
"Q: Let me ask you that again. Do you wish now to swear to the document entitled Waiver of Immunity?
"A: Yes.
"mr. o’donnell: I’d ask the record to reflect that I’m handing you Grand Jury Exhibit Number 1 and ask you to take a look at that once again. Do you swear that’s your signature that appears on that Waiver of Immunity?
' "A: Yes.
"Q: Do you swear to the contents of the substance of this Waiver of Immunity which has been marked as Grand Jury Exhibit Number 1?
*843 "A: Yes.” (Exhibit A, at 16-17.).
Thereafter, the defendant was placed under oath and testified.
In support of his claim that this waiver was ineffective, the accused contends that at the time he executed the waiver, he was not administered a proper oath, the Assistant District Attorney was not qualified to swear him and notarizing the defendant’s signature did not constitute his being sworn, citing People v Higley (70 NY2d 624 [1987]) and People v Goldson (145 AD2d 982 [4th Dept 1988]). In Higley (supra), the defendant appeared before the Grand Jury without counsel after the defense attorney had provided the prosecutor with a previously signed waiver of immunity notarized by the attorney. The Court found: "At no time, however, did defendant swear before the Grand Jury that he had in fact executed the waiver or that he waived immunity.” (70 NY2d 624, 625.)
In Goldson (supra), the waivers: "were executed by defendants prior to their being placed under oath and defendants were not questioned about their waivers after being sworn [citations omitted]” (145 AD2d 982).
In the instant case, the defendant was repeatedly asked if he swore to the waiver of immunity on the record and the waiver itself recites that it is "sworn to * * * pursuant to the provisions of § 190.45 of the Criminal Procedure Law before the Grand Jury Foreman by defense counsel.” (Exhibit 1.) Moreover, the defendant verified before the Grand Jury that it was his signature on the waiver and acknowledged that he was waiving immunity. (See, People v Hanley, 227 AD2d 144 [1st Dept 1996].)
In seeking this relief, the defendant additionally seeks refuge in a decision handed down in People v Stewart (Sup Ct, Onondaga County, Feb. 28, 1997, Brunetti, J., indictment No. 96-3380) in which that court found an ineffective waiver because no oath or affirmation was apparently administered. While this court is not privy to the complete record of those proceedings, the colloquy between the prosecutor and the witness quoted in that decision appears to be significantly less detailed than that presented in the instant case. While the preferred practice in all cases would be the uniform administration of an oath or affirmation on the record prior to or contemporaneous with the execution of the written waiver, the failure to do so does not, in all cases, prove fatal to the indictment. In People v Lyon (82 AD2d 516 [2d Dept 1981]), the Court observed:
"The statute in question (CPL 190.45, subd 2) does not prescribe a specific ceremony for swearing to the waiver of im *844 munity before the Grand. Jury. This being so, the decision of the Court of Appeals in Bookman v City of New York (200 NY 53, 56) takes on significance, for the court there stated with regard to the form of an oath in general that '[w]hatever the form adopted, it must be in the presence of an officer authorized to administer it, and it must be an unequivocal and present act by which the affiant consciously takes upon himself the obligation of an oath.’
"In our view, the first Bookman requirement was satisfied in the case at bar by the signing of the waiver instrument in the presence of the Grand Jury foreman (see CPL 190.25, subd 2). In addition, we believe the defendant’s signature on a document bearing the printed legend 'subscribed and sworn to before me this day of , 19 ’ evinces an intention that the document in question operate as a sworn statement, so that by the signing of the instrument in the presence of the Grand Jury the defendant satisfied the second Bookman requirement of taking upon himself 'the obligation of an oath’ (Bookman v City of New York, supra, p 56). Especially is this so in light of the fact a defendant’s right to appear and give testimony before a Grand Jury is expressly conditioned upon his 'signing and submitting to the grand jury a waiver of immunity pursuant to’ CPL 190.45 (CPL 190.50, subd 5, par [b]; see People v Ellwanger, 99 Misc 2d 807; People v Rodriguez, County Ct., Montgomery County, Feb. 1, 1979, White, J., affd 77 AD2d 820, mot for lv to app den 51 NY2d 884), and that the defendant herein had the benefit of counsel during his Grand Jury appearance, a benefit specifically conferred by CPL 190.52 (subds 1, 2) in exchange for the execution of a waiver of immunity (* * * see, also, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.52, 1972-1980 Supp Pamphlet, pp 111-112). Thus, the defendant fully expected to waive immunity in exchange for the opportunity to appear and testify before the Grand Jury.
"Under the totality of circumstances, we therefore conclude that there has been sufficient compliance with the requirements of CPL 190.45 (subd 2) to render the waiver of immunity effective (see, generally, Matter of Reports of Saratoga County Grand Jury for March, 1979 Term, 77 AD2d 399, 402; People v Rodriguez, supra; People v Ellwanger, supra; People v Rice, 93 Misc 2d 182; cf. People v Gerald, 91 Misc 2d 509).” (82 AD2d 516, 529-530.)
In the case at bar, all of the factors and considerations weighed and discussed in Lyon (supra) are present. Moreover, *845 the colloquy between the prosecutor, defendant and defense counsel, both in the Grand Jury anteroom and before the Grand Jury concerning the waiver of immunity and its implications, was more expansive. The waiver which contains the language conforming to a sworn statement was duly executed before the Grand Jury foreman, a person empowered to administer oaths (CPL 190.25 [2]).
Given the very precise and detailed questioning of the defendant before the Grand Jury concerning the meaning and implications of waiving immunity, coupled with language of the waiver itself, it would be the quintessential elevation of form over substance to hold that the defendant did not waive immunity under these circumstances.
Under all of these circumstances, this court finds that there has been compliance with the requirements of CPL 190.45 (2), the waiver of immunity was effective, and the defendant’s motion to dismiss pursuant to CPL 210.20 (1) (d) be and hereby is denied.