THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD STEWART, Respondent. [669 NYS2d 102] —Order affirmed. Memorandum: Supreme Court properly dismissed the indictment on the ground that defendant's waiver of immunity did not comply with CPL 190.45 and that the testimony of defendant before the Grand Jury thus rendered him immune from prosecution (*see,* CPL 190.40 [2] [a]). The record establishes that defendant appeared before an Onondaga County Grand Jury and signed a waiver of immunity, which provided in part: "I, Richard Stewart * * * swear pursuant to the provisions of § 190.45 of the Criminal Procedure Law of the State of New York, and do hereby waive all immunity which I would otherwise obtain from indictment, prosecution, punishment, penalty or forfeiture for or on account of or relating to any transaction * * * before the Grand Jury of the County of Onondaga, State of New York". Defendant's waiver of immunity was signed before the foreman of the Grand Jury and

witnessed by defendant's counsel. No separate oral oath was administered to defendant in conjunction with his waiver of immunity. The court in dismissing the indictment concluded that defendant's waiver was not effective, under CPL 190.45 (2).

We agree. CPL 190.45 (2) provides that "[a] waiver of immunity is not effective unless and until it is sworn to before the grand jury conducting the proceeding in which the subscriber has been called as a witness." The requirement that a waiver of immunity be "sworn to before the grand jury" (CPL 190.45 [2]) was not satisfied when defendant signed the waiver in the presence of the Grand Jury foreman. Under section 190. 45, subscribing and swearing to the waiver before the Grand Jury are distinct requirements. Only the first requirement was met in the instant case. Defendant was never administered an oath before the Grand Jury prior to the execution of the waiver of immunity, and he never ratified the waiver after being placed under oath (*cf., People v Hanley*, 227 AD2d 144, 144-145; *People v Cole*, 196 AD2d 634, 636; *People v Allen*, 163 AD2d 396, 397-398, *lv denied* 77 NY2d 875, 957). The fact that the written instrument contains language that defendant "swear[s]" that he waives immunity is not a substitute for having the waiver sworn to before the Grand Jury.

In concluding that defendant effectively waived immunity by signing the waiver before the Grand Jury foreman, the dissent sanctions the People's substantial compliance with CPL 190.45 (2). The Court of Appeals has made clear, however, that a waiver of immunity is invalid and ineffective unless there is strict compliance with "the unequivocal direction of CPL 190.45 (2)" (*People v Higley*, 70 NY2d 624, 626; *see*, CPL 190.45 [3]; *People v Goldson*, 145 AD2d 982). "Where the Legislature has unambiguously required that a waiver of immunity be sworn to before the Grand Jury, and where the Legislature has unambiguously provided that a waiver is ineffective unless and until so sworn, it is not for the People to fashion a substitute for the procedure prescribed by statute" (*People v Higley, supra*, at 626).

All concur except Lawton and Wisner, JJ., who dissent and vote to reverse in the following Memorandum.

Lawton and Wisner, JJ. (dissenting). We respectfully dissent. Notwithstanding the majority's statement to the contrary, it is not our position that there has been substantial compliance with CPL 190.45. Rather, it is our position that there has been literal compliance with that requirement. It is undisputed that the District Attorney's office complied with all the statutory

requirements concerning the timing and location of the execution of defendant's waiver. Thus, the only question is whether CPL 190.45 (2) requires that the oath be oral as opposed to written. The majority states that it must; we do not agree.

The written waiver of immunity executed by defendant provided in part: "I, Richard Stewart * * * *swear* pursuant to the provisions of § 190.45 of the Criminal Procedure Law of the State of New York, and do hereby waive all immunity which I would otherwise obtain from indictment, prosecution, punishment, penalty or forfeiture for or on account of or relating to any transaction * * * before the Grand Jury of the County of Onondaga, State of New York" (emphasis added). The waiver also provided that defendant understood that the testimony he gave could be used against him. Defendant's waiver of immunity was "sworn to" before the foreman of the Grand Jury in the presence of the entire Grand Jury and witnessed by defense counsel.

CPL 190.45 (2) provides that "[a] waiver of immunity is not effective unless and until it is sworn to before the grand jury conducting the proceeding in which the subscriber has been called as a witness." No specific procedure for swearing to a waiver of immunity is set forth in CPL 190.45 (2). Indeed, different procedures have been deemed to satisfy the swearing requirement of that section (*see, e.g., People v Hanley*, 227 AD2d 144, 144-145; *People v Young*, 205 AD2d 908, 910; *People v Cole*, 196 AD2d 634, 636; *Matter of Reports of Saratoga County Grand Jury for Mar. 1979 Term [R-A]*, 77 AD2d 399, 401-402). By swearing to the waiver of immunity before the Grand Jury, defendant expressed his intent to state under oath in that subscribed instrument that he was "attesting to the truth of that which is stated" (Penal Law § 210.00 [1]; *see,* Penal Law § 210.00 [2], [4]). Because defendant swore to an oath in the presence of an officer authorized to administer it, it was "an unequivocal and present act by which the affiant consciously [took] upon himself the obligation of an oath" (*Bookman v City of New York*, 200 NY 53, 56). Consequently, the swearing requirement of CPL 190.45 (2) has been met. *People v Goldson* (145 AD2d 982) is not to the contrary. In *Goldson*, the defendants did not "swear to" the contents of their waivers of immunity.

We would therefore reverse the order and reinstate the indictment. (Appeal from Order of Supreme Court, Onondaga County, Brunetti, J.—Dismiss Indictment.) Present—Green, J. P., Lawton, Wisner, Callahan and Boehm, JJ.